112 F.3d 515
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Miguel Agustin CORRALES-NAVARRO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70392.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 25, 1997.
 
 Before: BROWNING, THOMPSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Miguel Agustin Corrales-Navarro, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' dismissal of his appeal from an immigration judge's decision denying his motion to reopen deportation proceedings held in absentia. We deny the petition for review.
 
 
 3
 Corrales-Navarro contends that the BIA did not adequately consider his reasons for failing to attend his deportation hearing. The BIA properly adopted the immigration judge's decision, which thoroughly addressed this issue. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995).
 
 
 4
 Corrales-Navarro next contends that he demonstrated exceptional circumstances for failing to attend his deportation hearing. Specifically, he contends that his erroneous belief that he was no longer required to attend his deportation hearing due to the district court's dismissal of a criminal complaint and the INS's issuance of a replacement alien registration card constituted exceptional circumstances. We disagree.
 
 
 5
 An order of deportation entered in absentia may be rescinded only if a petitioner demonstrates that he failed to appear due to exceptional circumstances, which are defined as "circumstances (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances) beyond the control of the alien." See 8 U.S.C. §§ 1252b(c)(3) and 1252b(f)(2); Sharma v. INS, 89 F.3d 545, 547 (9th Cir.1996).
 
 
 6
 Corrales-Navarro had no meaningful basis for assuming that his deportation hearing would not be held as scheduled. In his affidavit, he acknowledged that he received the Notice of Hearing, which advised him of the time and location of his deportation hearing and warned him of the consequences of failing to appear. The Office of the Immigration Judge never informed him that the deportation hearing would not take place as scheduled. Under these facts, the immigration judge properly concluded that Corrales-Navarro failed to demonstrate exceptional circumstances beyond his control for failing to attend the deportation hearing. See Sharma, 89 F.3d at 547 (severe traffic congestion does not constitute exceptional circumstances beyond the petitioner's control); Hernandez-Vivas v. INS, 23 F.3d 1557, 1560 (9th Cir.1994) (erroneous belief that motion for change of venue would be granted did not satisfy earlier, more generous "reasonable cause" standard; petitioner had a duty to inquire prior to the hearing regarding the status of his motion).
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3