146 F.3d 737
 98 Cal. Daily Op. Serv. 4634, 98 Daily Journal
D.A.R. 6593
Sami Heshmat ROMANI, Sally Khalil Ibrahim, and Sara Sami
Romani, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70578.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 3, 1998.
Decided June 17, 1998.
 
 Sami Heshmat Romani, Huntington Beach, CA, pro se.
 Francis W. Fraser, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC, for respondent.
 Petition to Review an Order of the Board of Immigration Appeals. INS Nos. Abi-agn-rxm, Afe-sll-fzr, Arz-xxx-dhg.
 Before: FLETCHER, D.W. NELSON and SILVERMAN, Circuit Judges.
 FLETCHER, Circuit Judge:
 
 
 1
 Petitioners Sami Heshmat Romani, his wife Sally Khalil Ibrahim, and their daughter Sara Sami Romani, Coptic Christians from Egypt, claim past persecution by militant Muslim organizations on account of their religious beliefs. They appeal the BIA's decision upholding the IJ's order of deportation in absentia and denial of their motion to reopen. The Romanis, now acting pro se, argue that they were in the courthouse at the designated area on time, but that their failure to present themselves in the courtroom was due to confusion. Their lawyer was not there and the lawyer's assistant, who arrived late, incorrectly informed them that they should not enter the courtroom because their case had already been decided. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) (1994),[1] and remand to the BIA for remand to the IJ so that the Romanis may present their case for asylum.
 
 I.
 
 2
 The Romanis are natives and citizens of Egypt who entered the United States in 1994 as visitors. They applied for asylum on October 3, 1994, alleging that, as Coptic Christians, a religious minority in Egypt, they had suffered past persecution, including death threats, from militant Muslim organizations beyond the control of Egyptian authorities.
 
 
 3
 On April 6, 1995, the INS issued orders to show cause, charging the Romanis with overstaying their visas. They were notified to appear in immigration court for a hearing on the master calendar at 9 a.m., on October 24, 1995, at the Office of the Immigration Judge located at 300 N. Los Angeles Street, Room 2001, Los Angeles, California. Because they were not in the courtroom at the appointed time, the IJ ordered them deported in abstentia.
 
 
 4
 On November 1, 1995, the attorney for the Romanis, Ahmed Abdallah, moved the IJ to reopen the proceedings and to rescind the orders of deportation. In the motion to reopen, Abdallah explained that the Romanis had arrived at Room 2001 promptly at 9 a.m. and, after waiting in line, were told to find their names on a bulletin board outside the courtroom. Abdallah had been unable to accompany the Romanis to the hearing personally due to a conflicting appointment in California Superior Court at 8:30 a.m. that morning. Instead, Abdallah sent his assistant, Rene Reyes, to guide the Romanis to the proper room. However, when Reyes found the Romanis near the bulletin board at approximately 9:20 a.m., he incorrectly informed them that the IJ had already ordered them deported in absentia and that going into the courtroom at that point would not result in the IJ reopening their case.[2] The Romanis then left the building and informed Abdallah of what happened.
 
 
 5
 The IJ denied the motion to reopen, finding that the Romanis had not shown the "exceptional circumstances" required under section 242B(c)(3)(A) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1252b(c)(3)(A). The Romanis appealed to the BIA, which affirmed the decision of the IJ.
 
 
 6
 The Romanis, now acting pro se, appeal the decision of the BIA before this court.
 
 II.
 
 7
 The Romanis claim that they did not fail to appear in court on time. To the contrary, it is undisputed that they were present in the courthouse at the appointed hour. Although it is true that the Romanis were not in the courtroom when their case was called, we agree that the Romanis cannot be said to have failed to appear under these circumstances.
 
 
 8
 An IJ is required to order deportation in absentia of an alien who received written notice of the hearing but failed to appear "if the Service established by clear, unequivocal and convincing evidence that the written notice was so provided and the alien is deportable." 8 U.S.C. § 1252b(c)(1) (1994).[3]
 
 
 9
 The statute provides that the deportation order may be rescinded upon a motion to reopen filed by the alien demonstrating that the failure to appear was because of "exceptional circumstances," "because the alien did not receive notice" at the most recent address provided to the INS by the alien, or because "the alien was in Federal or State custody and did not appear through no fault of the alien." Id. § 1252b(c)(3) (1994).
 
 
 10
 The "exceptional circumstances" that may support a motion to reopen are narrowly limited by the statute to "exceptional circumstances (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances) beyond the control of the alien." Id. § 1252b(f)(2) (1994); see also Sharma v. INS, 89 F.3d 545, 547 (9th Cir.1996) (holding that arriving at the deportation hearing between 45 minutes and an hour late due to traffic congestion and trouble finding parking did not constitute "exceptional circumstances" under § 1252b(f)(2)). But see Matter of Lozada, 19 I. & N. Dec. 637, 639-40 (BIA 1988) (holding that a motion to reopen may also be based upon a claim of ineffective assistance of counsel provided that the alien has met certain procedural requirements), aff'd 857 F.2d 10 (1st Cir.1988); accord Henry v. INS, 8 F.3d 426, 439 (7th Cir.1993) (same); Esposito v. INS, 987 F.2d 108, 110-12 (2nd Cir.1993) (same).
 
 
 11
 The present case, however, is not a "failure to appear" case. The Romanis appeared at the courthouse and presented themselves at the designated room on time. Cf. Sharma v. INS, 89 F.3d 545, 547 (9th Cir.1996) (arrived 45 minutes to an hour late). They only failed to enter the proper courtroom due to the misdirection of their counsel's assistant, Reyes. As a result, the Romanis, through no fault of their own, have never had their day in court to present their claims for asylum and withholding of deportation. Accordingly, we hold that the BIA erred in upholding the IJ's denial of the Romanis' motion to reopen.
 
 
 12
 The Petition is GRANTED and the matter REMANDED to the BIA for remand to the IJ with direction that the Romanis be permitted to present their claims for asylum and withholding of deportation or, in the alternative, voluntary departure.
 
 
 
 [1]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, this court continues to have jurisdiction under 8 U.S.C. § 1105a. See IIRIRA § 309(c)(1)
 
 
 [2]
 There is a factual dispute as to the time when the IJ ordered the Romanis deported. The IJ's decision states that the Romanis' case was not called until 12:00 noon. However, as noted by the BIA, the transcribed record of the hearing suggests that their case was called at 9:30 a.m. and the orders were entered shortly thereafter. The BIA never resolved this inconsistency, ruling instead that the issue was immaterial since the Romanis did not present themselves at the IJ's courtroom at any time that day
 
 
 [3]
 The IIRIRA repeals § 1252b and replaces it with a new removal proceeding provision to be codified at 8 U.S.C. § 1229a. See IIRIRA § 308(b)(6), Pub.L. No. 104-208, 110 Stat. 3009-615 (Sept. 30, 1996). However, since deportation proceedings against the Romanis had commenced before April 1, 1997, the effective date of the IIRIRA, the old rules still apply. See IIRIRA, § 309, Pub.L. No. 104-208, as amended Pub.L. No. 104-302 § 2(2), 110 Stat. 3657 (Oct. 11, 1996)