**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BABATUNDE SONIREGUN,
Petitioner,

v.

No. 97-2060

U. S. IMMIGRATION &
NATURALIZATION SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A70-578-157)

Submitted: September 30, 1998

Decided: October 19, 1998

Before WILLIAMS and WIDENER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ronald D. Richey, Rockville, Maryland, for Petitioner. Frank W.
Hunger, Assistant Attorney General, William J. Howard, Senior Liti-
gation Counsel, Alison Marie Igoe, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Babatunde Soniregun seeks review of the Board of Immigration Appeals' decision denying his motion to reopen his deportation proceedings. Soniregun's master calendar hearing was held in absentia as permitted under the Immigration and Nationality Act (INA) § 242B, 8 U.S.C. § 1252b(c)(1) (1994),[1] in cases where an alien or his counsel receives written notice of the proceeding, but the alien fails to appear. Because we conclude that the Board did not abuse its discretion in finding that Soniregun's failure to appear at his deportation hearing was not the result of exceptional circumstances, we affirm the Board's denial of the motion to reopen and deny Soniregun's petition for review.

Soniregun contends that the Board abused its discretion in denying his motion to reopen and in concluding that he has not shown exceptional circumstances for his failure to appear at his deportation hearing. Soniregun claims that he did not appear because he failed to receive notice of the hearing from his attorney and that the motion to reopen should have been granted on that ground. [2] Additionally, Soniregun alleges that the Board failed to reopen his deportation proceedings in violation of statute, regulation, and due process because he presented a strong and meritorious political asylum claim.

_____

[1] We note that 8 U.S.C. § 1252b was repealed in 1996, but at the time this case was heard by the immigration judge, § 1252b was still applicable.

[2] Soniregun concedes that his counsel received notice, but contends that he never received it because of his counsel's ineffective assistance in sending the notice to the wrong address. In support of his claim, Soniregun submitted a letter from his prior counsel in which counsel states that he mailed the notice of Soniregun's deportation hearing with the correct address, but an incorrect apartment number.

2

This court reviews the denial of a motion to reopen deportation proceedings for abuse of discretion. See INS v. Doherty, 502 U.S. 314, 323-24 (1992); Yanez-Popp v. INS, 998 F.2d 231, 234 (4th Cir. 1993). An order of deportation entered in absentia may be rescinded if the petitioner demonstrates that he failed to appear because of exceptional circumstances or if the petitioner establishes that he did not receive proper notice. See INA § 242B(c)(3), 8 U.S.C. § 1252b(c)(3).

We find that the Board did not abuse its discretion in determining that Soniregun did not establish "exceptional circumstances" requiring rescission of the denial of his motion to reopen. INA § 242B(f)(2), 8 U.S.C.A. § 1252b(f)(2). Exceptional circumstances are "circumstances (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances) beyond the control of the alien." Id. Soniregun contends that his counsel's ineffective assistance in mailing the notice to the wrong apartment number constituted an exceptional circumstance.

To establish ineffective assistance of counsel, an alien must support his claim by a detailed affidavit, inform his prior counsel of the allegation of misconduct, provide counsel with an opportunity to respond, and state whether a complaint has been filed with the appropriate disciplinary authorities with respect to the counsel's alleged violation of ethical or legal responsibilities, and if not, why not. See Matter of Lozada, 19 I. & N. 637 (BIA 1988). In support of his request for relief, Soniregun submitted an unsworn letter from his prior counsel and an appeal brief. Prior counsel's letter stated that "I sent the letter to the address [Soniregun] provided but mistakenly stated the apartment to be `702' rather than `102' as [Soniregun] had given us." The letter also stated, however, that "I do not know if this contributed to [Soniregun] not receiving the letter but it did not come back in the mail." The Board did not err in concluding that statements made in a brief, motion, or letter are not entitled to any evidentiary weight. See e.g. Ghosh v. Attorney Gen., 629 F.2d 987, 989 (4th Cir. 1980).

We conclude that Soniregun's claim that he failed to receive notice due to his attorney's ineffectiveness does not establish exceptional circumstances. See INA § 242B(f)(2), 8 U.S.C.A. § 1252b(f)(2); see also Sharma v. INS, 89 F.3d 545, 547 (9th Cir. 1996) (finding that

3

aliens' traffic difficulties did not constitute exceptional circumstances beyond their control).

Further, to the extent that Soniregun contends that his absence should have been excused because he did not receive notice, see INA § 242B(c)(3)(B), 8 U.S.C. § 1252b(c)(3)(B), we find that Soniregun received proper notice when his attorney received notice by certified mail. See 8 C.F.R. § 292.5(a) (1998) (requiring notice to be served on attorney, if alien is represented); see also INA § 242B(a)(2), (c)(1), 8 U.S.C.A. § 1252b(a)(2), (c)(1).

Additionally, Soniregun argues that the Board should reopen his deportation proceedings because he makes a strong and meritorious political asylum claim. The merit of his political asylum claim, however, is not a basis upon which the Board is authorized to reopen deportation proceedings. See INA § 242B(c)(3), 8 U.S.C.A. § 1252b(c)(3). Soniregun also makes passing reference to INA § 242B(e), 8 U.S.C.A. § 1252b(e), asserting that this section does not preclude reopening deportation proceedings to reschedule an asylum hearing. The cited statutes, however, relate to the limitations on discretionary relief in certain circumstances and do not govern motions to reopen. The relevant statutes are INA §§ 242B(c)(3), f(2), 8 U.S.C.A. §§ 1252b(c)(3), 1252b(f)(2), the requirements of which, as the Board correctly found, Soniregun did not satisfy.

Accordingly, we affirm the Board's denial of Soniregun's motion to reopen and deny Soniregun's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4