**Vikesh Datt SHARMA; Vijanti Devi Sharma, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 95–70385.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 17, 1996.

Memorandum May 31, 1996.

Order and Opinion July 16, 1996.

Armando G. Salazar, San Jose, California, for petitioners.

Jeffrey J. Bernstein, Christine Bither, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for respondent.

Before: ALARCON, BEEZER and RYMER, Circuit Judges.

BEEZER, Circuit Judge:

We consider whether Petitioners are entitled to a rescission of deportation orders entered in absentia.

I

Petitioners are natives and citizens of Fiji who entered the United States without inspection. After the Immigration and Naturalization Service ("INS") issued an order to show cause why Petitioners should not be deported, Petitioners appeared before an Immigration Judge ("IJ") and conceded deportability. A December 5, 1994 hearing was set to consider Petitioners' applications for asylum. Petitioners were informed, orally and in writing, that they would be deported if they did not appear for the hearing. The IJ specifically stated that he did not anticipate granting any continuances, and would pro-

ceed in absentia if Petitioners did not appear.[1]

Petitioners arrived at the deportation hearing between 45 minutes and 1 hour late due to traffic congestion and trouble finding parking. Pursuant to § 242B of the Immigration and Nationality Act, 8 U.S.C. § 1252b(c)(1), the IJ held the hearing in absentia. The IJ found the Petitioners deportable. He also found that Petitioners had abandoned any applications for relief from deportation, and ordered Petitioners deported to Fiji. Both the IJ and the BIA denied Petitioners' motions to reopen, and Petitioners timely filed petitions for review.

## II

The denial of a motion to reopen is reviewed for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 324, 112 S.Ct. 719, 725, 116 L.Ed.2d 823 (1992). The BIA's factual findings are reviewed for substantial evidence. *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

We review de novo the BIA's determination of purely legal questions, including the BIA's interpretation of the Immigration and Nationality Act. *Bui v. INS*, 76 F.3d 268, 269 (9th Cir.1996). Claims that Petitioners' due process rights were violated by the deportation proceedings also are reviewed de novo. *Burgos–Abril v. INS*, 58 F.3d 475, 476 (9th Cir.1995).

## III

An order of deportation entered in absentia may be rescinded only if Petitioners demonstrate that they failed to appear because of exceptional circumstances. 8 U.S.C. § 1252b(c)(3). Exceptional circumstances are defined as "circumstances (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1252b(f)(2).

The BIA correctly found that Petitioners' traffic difficulties do not qualify as exceptional circumstances beyond Petitioners' control.

Petitioners argue that the BIA erred by not construing the "exceptional circumstances" language of § 242B in conjunction with the language in 8 U.S.C. § 1252. Section 1252 states that a hearing may be held in absentia if the alien has been given reasonable opportunity to be present and "without reasonable cause fails or refuses to attend" the proceedings. 8 U.S.C. § 1252(b). Before § 242B became effective,[2] an alien's motion to reopen a deportation hearing held in absentia would be granted if the alien could show "reasonable cause" for being absent from the proceedings. *Hernandez–Vivas v. INS*, 23 F.3d 1557, 1559 (9th Cir.1994). Petitioners contend that because § 242B amended rather than repealed § 1252, the "exceptional circumstances" language of § 242B "must also accommodate justifications that, in a hearing situation, meet 'reasonable cause.'"

Petitioners' argument that Congress meant for "exceptional circumstances" to mean essentially the same as "reasonable cause" contradicts the plain meaning of the text. The statute specifically states that a deportation order that was entered in absentia may be rescinded *only* upon a showing of exceptional circumstances for failure to appear. 8 U.S.C. § 1252b. The term "exceptional circumstances" is defined as "*not including less compelling circumstances*" than serious illness or the death of an immediate relative. *Id.* (emphasis added). Under well established canons of statutory construction, this more recent language prevails over the "reasonable cause" language of the earlier statute. *See Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir.1991) ("When two statutes conflict the general rule is that the statute last in time prevails as the most recent expression of the legislature's will.") (citation omitted).

---

1. Petitioners contend that they informed the IJ that traffic might make them late for the hearing, and that the IJ told them they could arrive late. The Board of Immigration Appeals ("BIA") correctly rejected this claim, as it was unsupported by the record.

2. Section 242B applies if notice of the hearing was provided after June 13, 1992. 57 Fed.Reg. 5180 (February 12, 1992). In Petitioners' case, the notice of hearing was issued in 1994.

It is unclear why Congress left the "reasonable cause" language in § 1252 intact. *Romero–Morales v. INS,* 25 F.3d 125, 128–29 (2d Cir.1994). We do not hold that Congress intended the language in § 242B to repeal the language in § 1252; in fact, we normally presume against such an interpretation. *See Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 154, 96 S.Ct. 1989, 1993, 48 L.Ed.2d 540 (1976) ("It is, of course, a cardinal principle of statutory construction that repeals by implication are not favored."). We are not called upon in this case to decide which, if any, situations Congress intended to apply the "reasonable cause" language. We hold that the "exceptional circumstances" standard applies to Petitioners' case, and that Petitioners did not demonstrate exceptional circumstances justifying rescission of the deportation order.[3]

## IV

 Petitioners contend that they were denied due process of law when the IJ and BIA failed to reopen the proceedings. Due process, in deportation proceedings, "includes the right to a full and fair hearing." *Getachew v. INS,* 25 F.3d 841, 845 (9th Cir. 1994). Petitioners cannot complain of an order entered in absentia, however, if they "voluntarily choose[ ] not to attend a deportation hearing which may affect [them] adversely." *United States v. Dekermenjian,* 508 F.2d 812, 814 (9th Cir.1974).

The record indicates that the IJ notified Petitioners orally and in writing of the date and time of their hearing, and told them that they would be deported if they failed to appear. The IJ did not deny Petitioners due process by proceeding with the hearing in Petitioners' absence.

 Petitioners argue that "as a matter of constitutional due process, it was clearly error for the IJ and the Board to find that . . . 'exceptional circumstances' did not exist" to justify reopening the proceedings. We dis-

agree. "The constitutional sufficiency of procedures provided in any situation . . . varies with the circumstances." *Landon v. Plasencia,* 459 U.S. 21, 34, 103 S.Ct. 321, 330, 74 L.Ed.2d 21 (1982). The government may set a higher standard for a motion to reopen than it does for the original hearing because it has an interest in maintaining hearing dates that are set, and in preserving incentives to discourage delay in requests for relief. *See INS v. Abudu,* 485 U.S. 94, 106, 108 S.Ct. 904, 913, 99 L.Ed.2d 90 (1988) (holding that the BIA has broad discretion to deny motions to reopen "even if the alien has surmounted the requisite thresholds of prima facie case and new evidence/reasonable explanation.").

The BIA's application of the exceptional circumstances test to Petitioners' situation did not deprive them of due process of law. Even under the more generous "reasonable cause" standard, the BIA would have been within its discretion to dismiss Petitioners' appeal. *See Thomas v. INS,* 976 F.2d 786 (1st Cir.1992) (BIA did not abuse its discretion in failing to reopen a hearing held in absentia when the alien appeared 30 minutes late for the hearing because the alien and his attorney had "crossed signals" about where to meet).

## CONCLUSION

The BIA properly applied the exceptional circumstances test to Petitioners' case. Petitioners were not denied due process of law.

PETITIONS DENIED.

---

**3.** The BIA's decision observed that § 1252(b) allows the IJ to *proceed* with a deportation hearing in absentia if the alien "without reasonable cause fails or refuses to attend" the hearing. The BIA's decision further observed that § 242B establishes the "exceptional circumstances" standard to *rescind* a deportation order entered in absentia. Because we find Petitioners' situation fits squarely within § 242B, we need not address whether § 1252(b)'s "reasonable cause" standard applies in other cases.