97 F.3d 1460
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Xilenia Bitzabe RUIZ-IRIAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70044.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 13, 1996.
 
 1
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Als-ogk-ilh.
 
 
 2
 B.I.A.
 
 
 3
 REVIEW GRANTED.
 
 
 4
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges
 
 
 5
 MEMORANDUM**
 
 
 6
 Xilenia Bitzaba Ruiz-Irias, a native and citizen of Nicaragua, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's decision denying her motion to reopen the in absentia order of deportation entered on January 5, 1995, due to Ruiz-Irias' failure to appear at her scheduled deportation hearing.
 
 
 7
 The denial of a motion to reopen is reviewed for abuse of discretion. Sharma v. INS, 89 F.3d 545, 547 (9th Cir.1996). An order of deportation entered in absentia may be rescinded only if the petitioner demonstrates that she failed to appear because of exceptional circumstances. 8 U.S.C. § 1252b(c)(3). Exceptional circumstances are defined as "circumstances (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1252b(f)(2).
 
 
 8
 Ruiz-Irias submitted to the immigration judge a Declaration which stated:
 
 
 9
 I tried to attend my hearing but I was unable to do so because of bad weather. On the day of my hearing there were heavy rains which made the regular streets I travel flooded. I tried different routes but because I wasn't familiar with these streets I became lost. I called the Immigration office but I only reached a recording. When I reached the Immigration office I was told the Court was over and that I would be getting something in the mail. I have always cooperated with the Immigration Service and I did not miss this hearing intentionally.
 
 
 10
 Ruiz-Irias's Declaration is uncontroverted and demonstrates exceptional circumstances beyond Ruiz-Irias' control. The BIA thus abused its discretion in dismissing as unsupported Ruiz-Irias' appeal from the decision denying her motion to reopen.
 
 
 11
 Accordingly, we GRANT the petition for review, VACATE the BIA's order, and REMAND for further proceedings.
 
 
 12
 BRUNETTI, Circuit Judge, dissenting.
 
 
 13
 I dissent. See Sharma, 89 F.3d at 547.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. The government's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3