103 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barkinado BOCOUM, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70372.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1996.
Decided Nov. 6, 1996.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, No. Alg-don-flb.
 B.I.A.
 REMANDED.
 Before: WOOD,* SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 INTRODUCTION
 
 2
 Petitioner Barkinado Bocoum was notified of a deportation hearing but claims he failed to appear because of mistakes made by his counsel. He contends the situation constitutes an exceptional circumstance warranting the rescission of an order of deportation entered in his absence. 8 U.S.C. §§ 1252b(c)(3), 1252b(f)(2). The Board of Immigration Appeals ("BIA") disagreed. However, in Matter of Grijalva-Barrera, Interim Decision 3284 (BIA1996), decided over a year later, the BIA determined that in certain circumstances a claim of ineffective assistance of counsel does justify rescission.
 
 
 3
 In this case, although petitioner did have notice of the hearing, he was advised by his counsel that his next appearance would be at an administrative interview. Petitioner's counsel should have advised petitioner to attend the hearing or requested a continuance, but she miscalendared the hearing so that it was conducted in petitioner's absence. Counsel's miscalendaring of the hearing may have been a circumstance beyond petitioner's control. 8 U.S.C. § 1252b(f)(2).
 
 
 4
 In Sharma v. INS, 89 F.3d 545, 547 (9th Cir.1996), we held that traffic difficulties that cause an alien to arrive late at a hearing do not constitute exceptional circumstances. Because this situation is substantially different from the one encountered in Sharma, and because where the intent of Congress is not clear, we defer to the interpretation of a statute by the agency charged with enforcing it, Chevron U.S.A., Inc. v. Natural Resources Defense Counsel, 467 U.S. 837, 843 (1984), we remand to the BIA for reconsideration of petitioner's case in light of Grijalva-Barrera.
 
 
 5
 REMANDED.
 
 
 
 *
 Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3