**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CECILIA RIVERA,
Petitioner,

v.

No. 96-2489

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A73-089-446)

Submitted: August 19, 1997

Decided: September 3, 1997

Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Alberto Manuel Benitez, GEORGE WASHINGTON UNIVERSITY
IMMIGRATION CLINIC, Washington, D.C., for Petitioner. Frank
W. Hunger, Assistant Attorney General, Francesco Isgro, Senior Liti-
gation Counsel, Donald A. Couvillon, Office of Immigration Litiga-
tion, UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Cecilia Rivera seeks review of the Board of Immigration Appeals' order denying her motion to reopen her deportation proceedings. Rivera's hearing was held in absentia as permitted under Immigration and Nationality Act (INA) § 242B, 8 U.S.C.A.§ 1252b(c)(1) (West Supp. 1997), in cases where an alien or her counsel receives written notice of the proceeding, but the alien fails to appear. Because we conclude that the Board did not abuse its discretion in finding that Rivera's failure to appear at her deportation hearing was not the result of exceptional circumstances, we affirm the Board's denial of the motion to reopen and deny Rivera's petition for review.

Rivera contends that the Board abused its discretion in denying her motion to reopen and in concluding that she had not shown exceptional circumstances for her failure to appear at her deportation hearing. Rivera claims that she did not appear because she failed to receive notice of the hearing from her attorney, and that the motion to reopen should have been granted on that ground.* Additionally, Rivera alleges that the Board exceeded its powers by addressing whether counsel provided ineffective assistance when Rivera alleged attorney inadvertence but did not explicitly raise ineffective assistance of counsel.

_____

*Rivera concedes that her counsel received notice, but contends that the notice should not be imputed to her because she tried to contact counsel several times to no avail, and because counsel told her, almost three months before the scheduled hearing, that she did not have a hearing date "soon." Counsel filed an affidavit stating that she mailed to Rivera a copy of the hearing notice two months before the hearing, advised Rivera to get new counsel, and included a list of attorneys. Rivera contends that she did not receive the notice and letter, either through postal error or because counsel inadvertently failed to send the letter and notice to her. Rivera, however, acknowledges receipt of a list of attorneys.

2

This court reviews the denial of a motion to reopen deportation proceedings for abuse of discretion. See INS v. Doherty, 502 U.S. 314, 323-24 (1992); Yanez-Popp v. INS, 998 F.2d 231, 234 (4th Cir. 1993). An order of deportation entered in absentia may be rescinded if the petitioner demonstrates that she failed to appear because of exceptional circumstances or if the petitioner establishes that she did not receive proper notice. See INA § 242B(c)(3), 8 U.S.C.A. § 1252b(c)(3) (West Supp. 1997).

We find that the Board did not abuse its discretion in determining that Rivera did not establish exceptional circumstances requiring rescission of the denial of her motion to reopen. See INA § 242B(f)(2), 8 U.S.C.A. § 1252b(f)(2) (West Supp. 1997). Exceptional circumstances are "circumstances (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances) beyond the control of the alien." INA § 242B(f)(2), 8 U.S.C.A. § 1252b(f)(2). We conclude that Rivera's claim that she failed to receive notice due to postal error or her attorney's inadvertence does not establish exceptional circumstances. See id.; see also Sharma v. INS, 89 F.3d 545, 547 (9th Cir. 1996) (finding that aliens' traffic difficulties did not constitute exceptional circumstances beyond their control). Further, to the extent that Rivera contends that she did not receive proper notice of her deportation hearings, we determine that the Board properly found that Rivera received proper notice when her attorney received notice by certified mail. See 8 C.F.R. § 292.5(a) (1997) (requiring notice to be served on attorney, if alien is represented); see also INA § 242B(a)(2), (c)(1), 8 U.S.C.A. § 1252b(a)(2), (c)(1) (West Supp. 1997).

Additionally, to the extent that Rivera contends that the Board abused its powers by analyzing her claim that her attorney's inadvertence created exceptional circumstances as an ineffective assistance claim when she did not explicitly raise the issue on appeal, we find no abuse. See 8 C.F.R. § 3.1(d)(1) (1997). Because the Board concluded that Rivera's allegations of postal error and attorney inadvertence were not sufficient to establish exceptional circumstances, we conclude that the Board's analysis of her attorney inadvertence claim as an ineffective assistance of counsel claim was appropriate and necessary, see 8 C.F.R. § 3.1(d)(1) (1997) (stating that the Board has discretion and authority as appropriate and necessary for disposition of

3

case), because a showing of ineffective assistance may establish exceptional circumstances, see In re Grijalva , Interim Dec. 3284, slip op. at 3-4 (BIA June 14, 1996) (finding alien's failure to appear because of ineffective assistance of counsel sufficient to rescind in absentia order of deportation).

Accordingly, we affirm the Board's denial of Rivera's motion to reopen and deny Rivera's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4