129 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Olga Edelmira ZERON, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70317.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 7, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Olga Edelmira Zeron, a native and citizen of Honduras, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing her appeal of the immigration judge's ("IJ") denial of her motion to reopen deportation proceedings. The IJ entered an order of deportation in absentia when Zeron failed to appear at the deportation hearing. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),[1] and we deny the petition.
 
 
 3
 Zeron contends that the BIA abused its discretion by finding that exceptional circumstances beyond Zeron's control did not excuse Zeron's failure to appear at her deportation hearing. We disagree.
 
 
 4
 We review the denial of a motion to reopen for an abuse of discretion. See Sharma v. INS, 89 F.3d 545, 547 (9th Cir.1996). An order of deportation entered in absentia may be rescinded only if the petitioner demonstrates that she failed to appear because of exceptional circumstances. See 8 U.S.C. § 1252b(c)(3)(A) Exceptional circumstances are defined as "circumstances (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1252b(f)(2).
 
 
 5
 Zeron, in her declaration, stated that she failed to appear at the hearing because she overslept due to the drowsiness side effect of prescription medication. Based on these facts, the BIA did not abuse its discretion by dismissing Zeron's appeal for failure to establish exceptional circumstances. See 8 U.S.C. § 1252b(c)(3)(A); Sharma, 89 F.3d at 547.
 
 
 6
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although 8 U.S.C. § 1105a was repealed, see Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656, this court continues to have jurisdiction under 8 U.S.C. § 1105a because petitioner was in deportation proceedings before April 1, 1997. See IIRIRA § 309(c)