142 F.3d 442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Reginalda Escobar CETINO, Petitioner,
v.
Immigration and Naturalization Service, Respondent.
 No. 97-70858.
INS No. Avs-acv-qdn.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998**.
Decided April 22, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Reginalda Escobar Cetino ("Petitioner"), a native and citizen of Guatemala, petitions pro se for review from the Board of Immigration Appeals' ("BIA") decision dismissing her appeal from an immigration judge's ("IJ") denial of her motion to reopen deportation proceedings. When Petitioner failed to appear for her deportation hearing, the IJ conducted the hearing in absentia, found Petitioner deportable, and entered an order of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a).[1] We review for an abuse of discretion the denial of a motion to reopen, see Sharma v.. INS, 89 F.3d 545, 547 (9th Cir.1996), and we deny the petition for review.
 
 
 3
 Petitioner contends that the BIA abused its discretion by denying her motion to reopen because her absence from the deportation hearing was due to the illness of her son. An order of deportation entered in absentia may be rescinded only if Petitioner demonstrates that she failed to appear because of exceptional circumstances. See 8 U.S.C. § 1252b(c)(3)(A). Exceptional circumstances are defined as "circumstances (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1252b(f)(2).
 
 
 4
 Petitioner failed to produce any evidence showing the specific nature of her son's medical condition, the seriousness of the illness, and why she was the only individual who could provide care to him. Because Petitioner failed to demonstrate that she failed to appear at her deportation hearing because of exceptional circumstances, the BIA did not abuse its discretion by denying her motion to reopen. See Sharma, 89 F.3d at 547; see also 8 C.F .R. § 3.2(c)(1) ("A motion to reopen proceedings ... shall be supported by affidavits or other evidentiary material.").
 
 
 5
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although 8 U.S.C. § 1105a was repealed, see Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656, this court continues to have jurisdiction under 8 U.S.C. § 1105a because Petitioner was in deportation proceedings before April 1, 1997. See IIRIRA § 309(c)