142 F.3d 445
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rosalita Olma SARMIENTO, Petitioner,
v.
Immigration and Naturalization Service, Respondent.
 No. 97-70864.
INS No. Arw-cst-ioz.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998**.
Decided April 22, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rosalita Olma Sarmiento, a native and citizen of the Philippines, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's ("IJ") denial of her application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a).[1] We review questions of law de novo and factual determinations for substantial evidence. See Sharma v. INS, 89 F.3d 545, 547 (9th Cir.1996). We deny the petition.
 
 
 3
 Sarmiento contends that the BIA erred by dismissing her appeal because her application for a subpoena should have been granted. Sarmiento sought the resource materials used by the asylum officer who referred her asylum application to the IJ. This contention lacks merit.
 
 
 4
 Sarmiento failed to set forth what she expected to prove by the materials she sought in her application for a subpoena and how the subpoenaed materials were essential to her application. See 8 C.F.R. § 287.4(a)(2)(ii)(B), (C). Because Sarmiento failed to satisfy the requirements for issuing a subpoena, the BIA did not err by dismissing her appeal. See id.
 
 
 5
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although 8 U.S.C. § 1105a was repealed, see Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656, this court continues to have jurisdiction under 8 U.S.C. § 1105a because Sarmiento was in deportation proceedings before April 1, 1997. See IIRIRA § 309(c)