Amarjit Singh AHIR, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 00–71044.

I & NS No. A72–670–049.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2002.*

Decided March 25, 2002.

Before GOODWIN, REINHARDT, and FERNANDEZ, Circuit Judges.

**MEMORANDUM****

Amarjit Singh Ahir petitions for review of the order of the BIA refusing to reopen

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

proceedings after he was ordered deported in absentia when he failed to appear at his hearing before the immigration judge. We deny the petition.

Ahir does not dispute that he received notice of the hearing as required by law. However, he asserts that an exceptional circumstance prevented his attendance. We have considered his reason and we agree that on the facts of this case, it does not constitute an exceptional circumstance within the meaning of the Immigration and Nationality Act. *See* 8 U.S.C. § 1252b(c)(3), (f)(2), now replaced by 8 U.S.C. § 1229a(b)(5)(C)(i), (e)(1); *Shaar v. INS*, 141 F.3d 953, 957 (9th Cir.1998); *Sharma v. INS*, 89 F.3d 545, 547–48 (9th Cir.1996). The BIA did not abuse its discretion.[1] *See Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000).

Petition DENIED.

Judge Reinhardt dissents. In his opinion, exceptional circumstances exist here.

---

1. Ahir also argues that the BIA was not explicit enough when it rejected his motion to reopen. However, it was. *See Alaelua v. INS*, 45 F.3d 1379, 1381 (9th Cir.1995); *Hassan v. INS*, 927 F.2d 465, 467–68 (9th Cir. 1991); *Vargas v. INS*, 831 F.2d 906, 909 (9th Cir.1987). The issue was simple, and the reasoning sufficiently explicated.

