Peter **NILLASCA MANAREZ,**
Petitioner,

v.

John D. **ASHCROFT, U.S. Attorney General, Respondent.**

Nos. 01–71583, INS A70–103–149.

United States Court of Appeals,
Ninth Circuit.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Submitted Nov. 8, 2002.*

Decided Dec. 17, 2002.

Before BRIGHT,** GOODWIN and TASHIMA, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

** The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

· MEMORANDUM ***

Peter Nillasca Manarez petitions for review of a Board of Immigration Appeals' ("BIA") decision dismissing his appeal of an Immigration Judge's denial of a motion to reopen removal proceedings held in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252 and we deny the petition.[1]

We review the denial of a motion to reopen for an abuse of discretion. *Sharma v. INS,* 89 F.3d 545, 547 (9th Cir.1996); *Rodriguez–Lariz v. INS,* 282 F.3d 1218 (9th Cir.2002). The BIA's factual findings are reviewed for substantial evidence. *See Sharma,* 89 F.3d at 547. BIA's determinations of purely legal questions are reviewed de novo. *Rodriguez–Lariz,* 282 F.3d at 1222.

The BIA rejected Manarez's argument that his case should be reopened because his failure to appear was caused by exceptional circumstances.· *See* 8 U.S.C. 1229a(b)(5)(C)(i). The Immigration and Nationality Act provides that " 'exceptional circumstances' refers to exceptional circumstances (such as serious illness of the alien or serious illness or death of the spouse, child, or parent of the alien, but not less compelling circumstances) beyond the control of the alien." 8 U.S.C. 1229a(e)(1).

Manarez has failed to produce any evidence that the cause of his failure to attend his removal hearing and rebut the evidence offered by the government was beyond his control. As the BIA found, he offered no evidence that the claimed ineffective assistance caused him to miss the

courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Because the parties are familiar with the facts and prior proceedings of this case, we will not repeat them, except to the extent required to explain our reasoning.

removal hearing. Rather, Manarez failed to review the documents which the Immigration and Naturalization Service ("INS") sent to him. It is true that poor advice of a non-lawyer to forgo an earlier asylum hearing contributed to a chain of events which eventually led to Manarez's removal hearing. However, given that a grant of asylum is discretionary (and therefore not assured), and the immediate cause of the removal order was the failure to attend the removal hearing, the potentially ineffective assistance regarding asylum was too remote to constitute an exceptional circumstance.

Manarez's arguments regarding the inadequacy of the notice do not stand up under scrutiny. He acknowledges that he received the documents sent to him by the INS. The Referral Notice opens with the words, "Dear Mr. Manarez," and the name Terrence McGuire appears only on the second page of the document, in a handwritten indication that McGuire was copied with the notice. Therefore, the intended recipient of the documents was clear. The Notice to Appear includes Manarez's full name at the top. Although the order to appear appears on the bottom of the document in relatively small letters, the page does not have dense writing and even a relatively cursory reading would have disclosed this information.

The BIA did not abuse its discretion and its findings are supported by substantial evidence. The petition for review is

DENIED.