Manuel Enrique CABALLERO,
Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 01–71655.

INS No. A71–950–139.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 14, 2003.*

Decided Feb. 19, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before SILVERMAN, GOULD, Circuit Judges, and SEDWICK, Chief District Judge.**

MEMORANDUM***

■ Manuel Caballero, a native and citizen of Peru, petitions for review of an order from the Board of Immigration Appeals ("BIA") denying his motion to re-open proceedings. We have jurisdiction, 8 U.S.C. § 1105a(a)(2),[1] review for abuse of discretion, *Sharma v. INS,* 89 F.3d 545, 547 (9th Cir.1996), and deny the petition. The parties are familiar with the facts and, therefore, we only discuss those relevant to our analysis.

Following proceedings before an Immigration Judge at which Caballero was represented by counsel, Caballero was ruled ineligible for asylum or withholding of deportation. BIA dismissed Caballero's appeal on April 10, 2000. Caballero did not seek review. On August 14, 2001, over sixteen (16) months after BIA issued its decision, Caballero, through counsel, moved to re-open proceedings. BIA denied Caballero's motion because it was untimely filed. *See* 8 C.F.R. § 3.2(c)(2) (2001). Caballero retained new counsel, and seeks review of BIA's order. He argues that BIA's decision should be reversed because his previous lawyer failed to timely file the motion to re-open. Caballero contends that ineffective assistance of counsel equitably tolls the 90 day time period prescribed by 8 C.F.R. § 3.2(c)(2).

■ We deny Caballero's petition for two reasons. First, his ineffective assistance claim was never raised until now. Failure to exhaust administrative remedies precludes review. *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1183 (9th Cir.2001) (en

** The Honorable John W. Sedwick, Chief United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The Illegal Immigration Reform and Immigration Responsibility Act of 1996, Pub. L. No. 104–208, 110 Stat. 3009 (1996) ("IIRI-RA") repealed 8 U.S.C. § 1105a and replaced

it with a new judicial review provision codified at 8 U.S.C. § 1252. *See* IIRIRA § 306(c)(1), Pub. L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), *as amended by* Act of Oct. 11, 1996, Pub. L. No. 104–302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, this court continues to have jurisdiction pursuant to 8 U.S.C. § 1105a. *See* IIRIRA § 309(c)(1).

banc) ("The INS is correct that if Socop failed to exhaust his administrative remedies with respect to equitable tolling, we lack jurisdiction under the INA to consider the issue on appeal.").

█ Second, the existing record is insufficiently developed. BIA precedent establishes specific procedures for seeking to re-open proceedings based on a claim of ineffective assistance of counsel. *See Matter of Lozada,* 19 I & N Dec. 637, 1988 WL 235454 (B.I.A.1988). In particular: (1) the motion must be supported by an affidavit particularly describing how counsel was ineffective; (2) notice and an opportunity to respond to the allegations must be provided to the concerned attorney; and (3) the motion must address whether or not a complaint has been filed with the appropriate disciplinary authority for any alleged ethical or legal breaches, and, if no complaint has been filed, why not. *Id.*

The *Lozada* requirements are "generally reasonable, and under ordinary circumstances the BIA does not abuse its discretion when it denies a motion to remand or reopen based on alleged ineffective assistance of counsel where the petitioner fails to meet the requirements of Lozada." *Castillo–Perez v. INS,* 212 F.3d 518, 525 (9th Cir.2000) (citations omitted). Nevertheless, relief may be appropriate where the administrative record plainly reveals that counsel rendered ineffective assistance. *Id.* at 525–26. Here, the record is not adequately developed to evaluate Caballero's claim.

PETITION DENIED.