**Tejinder Singh PAUL, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–4399.

United States Court of Appeals, Sixth Circuit.

March 11, 2004.

Michael E. Piston, Lila Sljivar, Michael E. Piston, Troy, MI, for Petitioner.

Anthony P. Nicastro, U.S. Department of Justice, Office of Immigration Litigation, David V. Bernal, U.S. Department of Justice, Office of Litigation, Washington, DC, for Respondent.

Before: BOGGS, Chief Judge; DAUGHTREY, Circuit Judge; and ALDRICH, District Judge.*

### ORDER

Tejinder Singh Paul, a native and citizen of Great Britain, petitions for review of the decision of the Board of Immigration Appeals (BIA) that dismissed his appeal from an Immigration Judge's (IJ) denial of his application for admission. The parties are represented by counsel and have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Paul entered the United States in 1989 and was issued an employment authorization card. The authorization expired in November 1991. In March 1992, Paul traveled to Canada and attempted to return the next day. The Immigration and Naturalization Service (INS) began exclusion proceedings against him as an inadmissible alien because he did not have a visa or other entry document. In June 1992, an IJ found Paul excludable in absentia. Paul's case was reopened in October 1993, and closed again in February 1994 when Paul was paroled into the United States. The INS moved to recalendar the proceedings in March 2000. In proceedings before the IJ, Paul contended that he was admissible as a member of the class certified in *Catholic Soc. Servs., Inc., v. Meese,* 685 F.Supp. 1149 (E.D.Cal.1988), and under § 245A of the Immigration Reform and Control Act of 1986 (IRCA), 8 U.S.C. §§ 1255a *et seq.* An IJ found that Paul had presented no evidence that he was admissible, found him excludable, and ordered him deported to Great Britain. The BIA denied Paul's appeal on November 13, 2002.

In his petition for review, Paul argues that the BIA failed to address his primary argument that he was an applicant for legalization under § 245A of the IRCA who had made a "brief, casual, and innocent" departure from the United States and was entitled to readmission.

The transitional rules for judicial review under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ap-

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

ply to this petition because the administrative proceeding was commenced before April 1, 1997, and the BIA's order was issued after October 31, 1996. *See Kalaw v. INS,* 133 F.3d 1147, 1149–50 (9th Cir. 1997). Under these rules, the BIA's factual findings are reviewed under the substantial evidence standard. *Sharma v. INS,* 89 F.3d 545, 547 (9th Cir.1996); *Klawitter v. INS,* 970 F.2d 149, 152 (6th Cir.1992).

Upon review, we conclude that the petition for review must be denied. The BIA's decision is supported by substantial evidence because Paul was not eligible for legalization under the IRCA and *Catholic Soc. Servs., Inc.* does not apply. The IRCA only applied to aliens who had resided continuously in the United States since 1982. *Reno v. Catholic Soc. Servs., Inc.,* 509 U.S. 43, 46, 113 S.Ct. 2485, 125 L.Ed.2d 38 (1993). Paul did not enter the United States until 1989. Thus, by the clear terms of the statute, Paul was not eligible to apply for temporary resident status. Moreover, because Paul was ineligible under the IRCA, whether or not his one-day trip to Canada was "brief, casual, and innocent" does not matter. Paul was not denied legalization based upon the INS's interpretation of the continuous residence requirement, he was simply never eligible.[1]

For the foregoing reasons, we deny the petition for review.

---

1. Paul argues that the INS conceded in earlier filings that he was an applicant under § 245A of the IRCA and that he was a member of the class in *Catholic Soc. Servs., Inc.,* which would imply that he is eligible for legalization under IRCA. The government characterizes these statements as inadvertent mistakes. We conclude that the statements do not qualify as judicial admissions. *See MacDonald v. Gen. Motors Corp.,* 110 F.3d 337, 341 (6th Cir.1997) (statements "deal[ing] with opinions and legal conclusions" are rarely treated as binding judicial admissions).