Danfina HERMAN; Calin
Paniti, Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–4111.

United States Court of Appeals,
Sixth Circuit.

June 21, 2004.

Carl M. Weideman, III, Weideman & Weideman, Grosse Pointe Woods, MI, for Petitioners.

Janice K. Redfern, Linda S. Wernery, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before DAUGHTREY, GIBBONS, and COOK, Circuit Judges.

### ORDER

Danfina Herman and her minor son, Calin Paniti, petition for judicial review of an order of the Board of Immigration Appeals (BIA), which denied Herman's request for suspension of deportation and held that Paniti was ineligible for suspension of exclusion proceedings as a derivative beneficiary of Herman's request for relief. The parties have waived oral argument and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Herman first entered the United States in 1988, and applied for asylum. However, one month later, she returned to Romania, where she remained until 1990. She then obtained a visitor's visa and re-entered the United States and again applied for asylum. While her asylum application was pending, she requested, and was granted, eight weeks of advance parole from the Immigration and Naturalization Service (INS).

The INS informed Herman that advance parole would permit her to resume her asylum application upon her return to the United States. However, it warned her that pursuant to 8 C.F.R. § 245.3(a)(2), should her asylum application be denied, she would be subject to exclusion proceedings.

During her period of advance parole, Herman returned to Romania and subsequently reentered the United States on September 17, 1993, with her son. Paniti, who entered the United States on a visitor's visa, remained. Paniti subsequently overstayed his visa, resulting in the commencement of deportation proceedings against him on June 11, 1996.

On November 26, 1996, the INS notified Herman that it had terminated her parole based on the denial of her asylum application. The INS served Herman with a "Notice to Applicant for Admission Detained for Hearing Before Immigration Judge." Herman was advised that she did not appear entitled to enter the United States because she appeared to be an immigrant whose parole status had been cancelled, and that she was not in possession of a valid unexpired immigrant visa or other valid entry document, and was not exempt from the presentation thereof. Accordingly, Herman was placed in exclusion proceedings.

At a hearing before an immigration judge (IJ), Herman and Paniti admitted the factual allegations and conceded excludability and deportability. After Herman and Paniti declined to designate a country for exclusion and deportation the

IJ designated Romania. Herman requested asylum and suspension of deportation and listed Paniti as a derivative applicant for relief.

After a hearing, the IJ denied the applications for asylum and withholding of deportation. The IJ concluded that Herman and Paniti failed to demonstrate past persecution or a well-founded fear of future persecution in Romania. However, the IJ granted Herman suspension of deportation pursuant to § 203(a) of the Nicaraguan Adjustment and Central American Relief Act of 1997 (NACARA), Pub.L. No. 105–100, 111 Stat. 2160, 2193, and granted Paniti suspension as the derivative beneficiary of Herman's application for relief pursuant to NACARA § 203(a)(5)(C)(i)(IV). The IJ held that the phrase "whether the alien is in exclusion or deportation proceedings" in § 203(a) of NACARA indicated that suspension of deportation is available to aliens, such as Herman, who are in exclusion proceedings. After determining that Herman was otherwise statutorily eligible, the IJ granted her suspension of deportation. The INS filed a timely notice of appeal with the BIA.

On September 18, 2002, the BIA vacated the IJ's order granting suspension of deportation, ordered Herman excluded, and ordered Paniti deported. The BIA found that the IJ erred in granting Herman's request for suspension of deportation because this form of relief is not available to aliens who are in exclusion proceedings. The BIA specifically found that "[t]he regulations implementing NACARA explain that suspension of deportation is not a form of relief available in exclusion proceedings." After the BIA determined that Herman was statutorily ineligible for suspension of deportation as an alien placed in exclusion proceedings prior to April 1, 1997, the BIA held that Paniti was ineligible for suspension as the

derivative beneficiary of Herman's request for relief. Herman and Paniti now seek this court's review of the BIA's decision.

Herman and Paniti have abandoned their arguments that: 1) the BIA violated their due process and equal protection rights based upon the procedural change as to the number of administrative judges reviewing their appeal, and 2) the standard of review undertaken by the BIA violated their due process and equal protection rights.

The transitional rules for judicial review under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub.L. No. 104–208, 110 Stat. 3009–546, apply to this petition because the administrative proceeding was commenced before April 1, 1997, and the BIA's order was issued after October 31, 1996. *See Kalaw v. INS,* 133 F.3d 1147, 1149–50 (9th Cir.1997). Under these rules, the BIA's factual findings are reviewed under the substantial evidence standard. *Sharma v. INS,* 89 F.3d 545, 547 (9th Cir.1996).

Herman's reliance on NACARA § 203(a) is misplaced. Prior to the adoption of IIRIRA, excludable aliens were not eligible for suspension of deportation. After the passage of IIRIRA, Congress passed NACARA on November 19, 1997, which amended IIRIRA. Among other amendments, NACARA § 203(a) changed the transitional rules for suspension of deportation by implementing a special rule for calculating the period of continuous physical presence for certain aliens granted temporary protection from deportation. NACARA § 203(a)(1), 111 Stat. 2160, 2196–98.

Herman asserts that the passage of NACARA renders her eligible to apply for suspension of deportation. She claims that the phrase "regardless of whether the alien is in exclusion or deportation proceedings," in NACARA § 203(a) is evi-

dence that Congress intended to permit aliens in exclusion proceedings to apply for suspension of deportation.

■ NACARA did not make aliens in exclusion proceedings eligible for suspension of deportation. The provision is limited in application to the calculation of continuous physical presence. The new post-IIRIRA rules for continuous physical presence do not apply to certain aliens granted temporary protection from deportation. Rather, the old, pre-IIRIRA continuous physical presence rules apply. The BIA did not deny Herman suspension of deportation because she failed to meet the continuous physical presence requirement. Rather, the BIA denied this form of relief because suspension of deportation is not available to Herman as an excludable alien.

The Seventh Circuit has considered and rejected the identical argument that Herman raises. *See Sherifi v. INS*, 260 F.3d 737, 742 (7th Cir.2001) (holding that "[n]othing in NACARA changed the well-established rule that aliens in exclusion proceedings are not entitled to suspension of deportation."). In *Sherifi,* the court reviewed the language at issue and determined that the provision relates to the "stop time" rule created by IIRIRA and that it "cannot be read in isolation. It merely suspends operation of the stop time rule for certain aliens. Indeed, by its own terms, it is limited to the purpose of calculating the period of continuous physical presence in the United States." *Id.* at 741–42. Moreover, the court concluded that while there is a purpose for the specific language at issue in the NACARA provisions, it is "not to create a remedy of suspension of deportation for persons in exclusion proceedings, but rather to allow certain aliens to begin their proceedings anew without being subject to the stop time rule." *Id.* at 742.

■ Despite Herman's argument on appeal, as an alien in exclusion proceedings, she is not eligible for suspension of deportation. *See Fieran v. INS*, 268 F.3d 340, 344 (6th Cir.2001). Because Herman is ineligible for suspension of deportation, Paniti is also ineligible for suspension of exclusion as the derivative beneficiary of her suspension claim.

Accordingly, the petition for judicial review is denied.