Eiman HAMI–PATTAH; Yasir Hami–Hami, Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 02–3747, A74 586 069, A74 586 071.

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2004.

Namir M. Daman, Daman & Daman, Oak Park, MI, for Petitioners.

William C. Erb, Alison Marie Igoe, Margaret J. Perry, Washington, DC, for Respondent.

Before BOGGS, Chief Judge; DAUGHTREY, Circuit Judge; and WISEMAN, District Judge.*

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

## ORDER

Eiman Hami–Pattah and her daughter Yasir Hami–Hami, natives and citizens of Iraq, petition for review of the order of the Board of Immigration Appeals (BIA) that affirmed the decision of an immigration judge (IJ) that denied their claims for asylum and withholding of deportation. The parties are represented by counsel and have waived oral argument, and the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Hami–Pattah and Hami–Hami entered the United States without inspection in March 1996. The Immigration and Naturalization Service began deportation proceedings in September of that year. Hami–Pattah, on her own behalf and that of her daughter, conceded deportability and applied for asylum. The application was also considered a request for withholding of deportation. *See* 8 C.F.R. § 208.3(b). An IJ held a hearing in January 1998. Hami–Pattah testified that her husband was killed in 1982 in Iraq's war with Iran and his body was never returned. Hami–Pattah was visited by men she believed to be members of the Ba'ath party, who directed her to observe the customs of holding a condolence dinner and displaying a plaque with her husband's name. She was also asked to join a woman's political group, and learned that she was not receiving as large a pension as other widows. The IJ denied Hami–Pattah's claims for asylum and withholding of deportation and granted her voluntary departure. The BIA affirmed the IJ's decision without opinion, and Hami–Pattah filed a timely petition for review.

In her petition for review, Hami–Pattah argues that: (1) the summary affirmance of the IJ's decision deprived Hami–Pattah of her rights under the Due Process Clause of the Fifth Amendment to the United States Constitution; and (2) the BIA failed to adjudicate, take administrative notice of, or consider a claim for deferral of deportation under the Convention Against Torture as provided for by the United States' obligation under international treaty.

Upon review, we conclude that the petition for review must be denied. The transitional rules for judicial review under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 apply to this petition because the administrative proceeding was commenced before April 1, 1997, and the BIA's order was issued after October 31, 1996. *See Kalaw v. INS,* 133 F.3d 1147, 1149–50 (9th Cir.1997). Under the transitional rules, factual findings are reviewed under the substantial evidence standard. *Sharma v. INS,* 89 F.3d 545, 547 (9th Cir.1996). When the BIA affirms the IJ's decision without opinion, this court reviews the IJ's decision as the final agency order. *Denko v. INS,* 351 F.3d 717, 730 (6th Cir.2003).

Substantial evidence supports the IJ's findings. The IJ sympathized with Hami–Pattah's predicament but concluded that Hami–Pattah had not presented evidence of either past persecution or a well-founded fear of persecution under the statutory grounds for asylum. *See* 8 U.S.C. § 1101(a)(42); *Ouda v. INS,* 324 F.3d 445, 451 (6th Cir.2003). There is no question that the human rights situation in Iraq was abysmal when Hami–Pattah left in 1993. She did not, however, carry her burden of showing that she was persecuted. Because Hami–Pattah did not establish eligibility for asylum, she cannot meet the more difficult standard required for withholding of deportation. *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 425, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987).

Hami–Pattah's arguments in her petition for review are without merit. First, the BIA's practice of affirming the IJ's

**558**

decision without issuing an opinion does not violate an alien's rights to due process. *Denko,* 351 F.3d at 730. Second, although Hami–Pattah's asylum application was treated as a claim for withholding of deportation under the Immigration and Naturalization Act, *see* 8 C.F.R. § 208.3(b), she did not request withholding of deportation under the Convention Against Torture. *See* 8 C.F.R. § 208.16(c). Accordingly, neither the IJ nor the BIA erred.

For the foregoing reasons, we deny the petition for review.