**Jose Luis ZARAGOZA; Leticia Aceves– Castaneda, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70325, A74–796–359, A74–796–358.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 17, 2004.

Evelyn G. Zneimer, Esq., Los Angeles, CA, for Petitioners.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM **

Jose Luis Zaragoza and his wife Leticia Aceves–Castaneda, natives and citizens of Mexico, petition for review of the decision of the Board of Immigration Appeals ("BIA") denying their motion to reopen their deportation proceedings due to ineffective assistance of counsel. Because the transitional rules apply, *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for abuse of discretion a denial of a motion to reopen and we review de novo due process violations, *Sharma v. INS,* 89 F.3d 545, 547 (9th Cir.1996). We deny the petition for review.

The BIA did not abuse its discretion in denying Petitioners' motion to reopen because Petitioners did not demonstrate that their prior attorney's failure to introduce

---

evidence on the medical condition of their daughter, or any other alleged failure, caused them prejudice. *See Iturribarria v. INS*, 321 F.3d 889, 899 (9th Cir.2003) (petitioner must show prejudice in order to demonstrate ineffective assistance of counsel).

Petitioners' contention that the BIA abused its discretion by failing to find that their ineffective assistance of counsel claim constitutes an exceptional circumstance sufficient to warrant reopening lacks merit.

PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.