**Houman AGHAJANI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–74329.

Agency No. A75–726–205.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

Michael H. Moghtader, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Ernesto H, Molina, Jr., S. Nicole Nardone, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM**

Houman Aghajani, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the Immigration Judge's denial of his motion to reopen removal proceedings held in absentia. We have jurisdiction under 8 U.S.C. § 1252(b). We review for abuse of discretion, *de Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004), and we deny the petition for review.

Because Aghajani's motion was filed nearly five months after the BIA's final decision, the BIA did not abuse its discretion in denying Aghajani's motion to reopen as untimely. *See* 8 C.F.R. § 1003.2(c)(2) (a motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened"). The BIA also did not abuse its discretion in concluding that Aghajani's late filing was not justified by "exceptional circumstances" pursuant to 8 U.S.C. § 1229a(e)(1), that would operate to toll the time-limit. *See* 8 U.S.C. § 1229a(b)(5)(C)(i); *Sharma v. INS*, 89 F.3d 545, 547 (9th Cir.1996) (traffic difficulties do not constitute exceptional circumstances beyond Petitioners' control).

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.