Ajit SINGH, Petitioner,

v.

Alberto GONZALES, Attorney
General,* Respondent.

No. 04–70152.

United States Court of Appeals,
Ninth Circuit.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Submitted March 23, 2005.**

Decided April 4, 2005.

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Earle B. Wilson, Esq., Josh Braunstein, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and SILVERMAN, Circuit Judges.

MEMORANDUM ***

Ajit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his motion to reopen his deportation proceedings. We have jurisdiction under former 8 U.S.C. § 1105a(a). *Kalaw v. INS,* 133 F.3d 1147, 1150 (1997). We review for abuse of discretion, *Sharma v. INS,* 89 F.3d 545, 547 (9th Cir.1996), and we deny the petition for review.

The BIA did not abuse its discretion in denying Singh's second motion to reopen as untimely, because Singh filed the motion more than two years after the BIA's final decision. *See* 8 C.F.R. § 1003.2(c)(2) (A motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened.").

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the

We do not consider Singh's arguments relating to his first motion to reopen. We addressed those arguments in his prior petition for review. *Singh v. INS,* No. 02–70140, 2003 WL 164307 (9th Cir. Jan.22, 2003) (concluding BIA satisfied statutory notice requirements by mailing notice of decision to address of record for petitioner's attorney and dismissing equitable tolling claims for failure to exhaust).

**PETITION FOR REVIEW DENIED.**