**Robert Sutanto TJONG; Ellyana Sulistio Tjong, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73872.

Agency Nos. A75–765–343, A75–765–344.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Dec. 5, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Cindy S. Chang, Law Offices of Cindy S. Chang, Monterey Park, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department Of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., John S. Hogan, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before WALLACE, LEAVY, and BERZON, Circuit Judges.

## MEMORANDUM **

Robert Sutanto Tjong and Ellyana Sulistio Tjong, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming without opinion an immigration judge's ("IJ") order denying their motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Sharma v. INS*, 89 F.3d 545, 547 (9th

** This disposition is not appropriate for publication and may not be cited to or by the

Cir.1996), and we deny the petition for review.

To reopen proceedings, the Tjongs must demonstrate that "exceptional circumstances" caused their failure to appear at a hearing before the IJ. *See* 8 U.S.C. § 1229a(b)(5)(C)(i). The IJ did not abuse his discretion in determining that the severe weather and ensuing traffic problems encountered by the Tjongs did not rise to the level of exceptional circumstances. *See* 8 U.S.C. § 1229a (e)(1) (defining exceptional circumstances as those, "such as serious illness of the alien or serious illness or death of [a family member], but not including less compelling circumstances [ ] beyond the control of the alien"); *Sharma*, 89 F.3d at 547–48 (holding that the BIA correctly decided that traffic congestion and parking difficulties did not constitute exceptional circumstances).

## PETITION FOR REVIEW DENIED.

courts of this circuit except as provided by 9th Cir. R. 36–3.

