**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YANLI FENG,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-1581

Agency No.
A205-743-573

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2025[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Pro se petitioner Yanli Feng, a native and citizen of China, seeks review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. Because the parties are familiar with the facts, we need not recount them here.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. "The denial of a motion to reopen is reviewed for abuse of discretion." *Sharma v. INS*, 89 F.3d 545, 547 (9th Cir. 1996). The petition is denied.

The BIA did not abuse its discretion in denying Feng's motion to reopen as untimely because it was filed more than 90 days after the BIA's final order of removal, and Feng presented insufficient evidence to qualify for the changed country conditions exception. 8 U.S.C. § 1229a(c)(7)(C)(i)–(ii). Feng alleges that the country conditions have changed because she now faces arrest upon her return to China for sending religious materials to family members. However, her motion to reopen offered no evidence in support of her motion, in violation of the statutory requirement that a motion to reopen "state the new facts that will be proven at a hearing" with "support[] by affidavits or other evidentiary material." *Id.* § 1229a(c)(7)(B). She did not submit any copies of the religious materials she sent to her family members, sworn statements from family members, or a declaration of her own. Although affidavits from others are often unavailable, Feng's motion lacked even a "sworn statement from the movant" herself or any corroborating materials in her possession and therefore falls short of the evidentiary requirements to establish changed circumstances. *Malty v. Ashcroft*, 381 F.3d 942, 947 (9th Cir. 2004).

**PETITION DENIED.**

24-1581