**Guru SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–73114.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 29, 2004.

Decided April 27, 2004.

Marc A. Karlin, Esq., Louis A. Gordon, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jeffrey J. Bernstein, Esq., M. Jocelyn Wright, Esq., Jamie M. Dowd, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, BEEZER, and TALLMAN, Circuit Judges.

1. We order the resubmission of this appeal as of this date.

### MEMORANDUM *

After previously filing and withdrawing claims for asylum and withholding of removal, Guru Singh moved to reopen his case before the Board of Immigration Appeals ("BIA") to apply for asylum and withholding based on changed country conditions. Singh appeals the BIA's denial of his motion to reopen.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000) (*citing INS v. Doherty*, 502 U.S. 314, 324, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). We will reverse the denial of a motion to reopen only if it is "arbitrary, irrational, or contrary to law." *Id.* We review the BIA's determinations of legal questions *de novo*, *id.*, and factual findings for substantial evidence, *Sharma v. INS*, 89 F.3d 545, 547 (9th Cir.1996).

A motion to reopen must state the new facts an applicant seeks to prove and be supported by affidavits or other new evidentiary material. 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(c)(1). The applicant must show that the evidence could not have been discovered and presented at the prior hearing. *Doherty*, 502 U.S. at 314. This new evidence also must establish *prima facie* eligibility for the underlying substantive relief requested. *INS v. Wang*, 450 U.S. 139, 141, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981).

Singh fails to present any new, material evidence, the facts of which were not available to him at the time he decided to withdraw his application for asylum and withholding of removal. The BIA's finding that Singh did not produce any previously-unavailable evidence is supported by substantial evidence. In the absence of new, material evidence, Singh is unable to establish *prima facie* eligibility for asylum or withholding of removal. The BIA's denial of Singh's motion to reopen was not "arbitrary, irrational, or contrary to law."

### PETITION FOR REVIEW DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

