Luis GUERRERO MENDEZ;
et al., Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–70726.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2004.*

Decided Aug. 17, 2004.

Arielle N. Bases, Esq., Law Office of Arielle Bases, Encino, CA, for Petitioners.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Isaac R. Campbell, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BEA, Circuit Judges.

MEMORANDUM **

Luis and Lydia Guerrero Mendez (collectively the "Mendezes") petition for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reopen their application for cancellation of removal pursuant to 8 C.F.R. § 1003.2. The BIA properly weighed the factors relevant to the Mendezes' motion to reopen and articulated legally relevant grounds for denying it. These findings, if supported by substantial evidence, go directly to the heart of whether the Mendezes demonstrated *prima facie* eligibility for cancellation based on "exceptional and extremely unusual hardship" required by 8 U.S.C.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 1229b(b)(1)(D). *See Mendez–Gutierrez v. Ashcroft,* 340 F.3d 865, 868–69 (9th Cir. 2003).

Specifically, the BIA pointed to: (1) a lack of direct evidence that the Mendezes' daughter Bernice would accompany them to Mexico if they are forced to voluntarily depart; (2) even if she did accompany them, no evidence that the treatment of her condition is either unavailable or lacking in Mexico was presented; and (3) evidence indicating a likelihood that the daughter would fully recover. Substantial evidence in the documents submitted with the motion to reopen supports these determinations. *See Sharma v. INS,* 89 F.3d 545 (9th Cir.1996). The Mendezes' own brief states that they would have to consider whether to take Bernice with them to Mexico, indicating that a final decision as to her place of residence has not been made. Similarly, nothing in the documents submitted attests to the availability, quality or cost of medical treatment for encephalitis in Mexico. As a final matter, despite specific evidence that Bernice has been diagnosed with seizures and encephalitis, there is also a letter from Bernice's neurologist stating that the "prognosis is good for complete recovery."

Moreover, in light of the failure of the Mendezes to introduce evidence that they are *prima facie* eligible for cancellation of removal despite the IJ's final agency determination that they had not demonstrated ten years of continuous presence in the United States pursuant to 8 U.S.C. § 1229b(b)(1)(A), we cannot say that the BIA's denial of the motion to reopen was "arbitrary, irrational, or contrary to law." *Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.), *cert. denied,* 539 U.S. 941, 123 S.Ct. 2605, 156 L.Ed.2d 626 (2003).

* This panel unanimously finds this case suitable for decision without oral argument. See

Finally, the Mendezes' due process claims based on the IJ's application of the relevant law in its underlying decision to deny cancellation of removal must fail because we do not have jurisdiction to review this discretionary determination. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001) ("[w]e lack jurisdiction over the allegation that the BIA's misapplication of relevant case law denied [the petitioner] due process of law.").

**PETITION DENIED.**