Bertoldo **EROSTICO**; Rosario **Erostico**, Petitioners,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 03–72783.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 18, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nadeem H. Makada, Burlingame, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michael P. Lindemann, Esq., Christopher C. Fuller, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Bertoldo and Rosario Erostico, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's denial of their motion to reopen removal proceedings conducted in absentia pursuant to 8 U.S.C. § 1229a(b)(5)(C)(i) & 1229a(e)(1). We deny the petition for review.

We review for an abuse of discretion the agency's finding that the Erosticos failed to establish that exceptional circumstances beyond their control caused their failure to appear at their removal hearing. *Celis–Castellano v. Ashcroft,* 298 F.3d 888, 890 (9th Cir.2002). In their motion to reopen, the Erosticos stated that the car in which they were given a ride to the hearing had tire trouble, and they waited while the driver arranged for the purchase of a new tire. By the time the new tire was installed, they had missed their hearing, and so they returned home, not knowing that the immigration judge had continued the hearing to the afternoon. We find no abuse of discretion in the conclusion that these circumstances were not exceptional. *See Sharma v. INS,* 89 F.3d 545, 547–48 (9th Cir.1996) (traffic congestion and difficulty parking insufficient to require reopening proceedings). The Erosticos have not shown that had they arrived at their hearing, they would have been granted relief. *Cf. Singh v. INS,* 295 F.3d 1037, 1039–40 (9th Cir.2002), *cert. denied,* 539 U.S. 941, 123 S.Ct. 2605, 156 L.Ed.2d 626 (2003). We reject the contention that the agency imposed a new evidentiary standard for establishing exceptional circumstances. *Cf. Singh v. INS,* 213 F.3d 1050, 1053–54 (9th Cir.2000).

The contention that the Board's summary decision violates due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.