

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-27-2005

# Toro-Toro v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4647

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Toro-Toro v. Atty Gen USA" (2005). *2005 Decisions.* Paper 962.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/962

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No 03-4647

PEDRO TORO-TORO,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES\*;
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
DISTRICT DIRECTOR,

                                        Respondents

Petition for Review of an Order of the
Board of Immigration Appeals
(Board No.   A78-407-544)

Submitted Under Third Circuit LAR 34.1(a)
on January 14, 2005

BEFORE: Before: ROTH, CHERTOFF,\* <u>Circuit Judges</u>, IRENAS,\*\* <u>District Judge</u>.

---

\*  This case was submitted to the panel of Judges Roth, Chertoff & Irenas.  Judge Chertoff resigned after submission, but before the filing of the opinion.  The decision is filed by a quorum of the panel. 28 U.S.C. § 46(d).

\*\*  Honorable Joseph E. Irenas, United States District Judge for the District of New Jersey, sitting by designation.

\*   Caption amended pursuant to Rule 43(c), Fed.R.App.Pro.

_____

OPINION

_____

ROTH, <u>Circuit Judge</u>.

Petitioner, Pedro Toro-Toro, alleges the Immigration Judge (IJ) abused his discretion by denying petitioner's motion to reopen proceedings following an order of removal entered *in absentia*. The IJ held that Toro-Toro's misunderstanding of his deportation hearing date was not an exceptional circumstance and therefore he must deny Toro-Toro's motion to reopen under 8 U.S.C. § 1229a(b)(5)(C)(i) (2000).[3] The Board of Immigration of Appeals (BIA) affirmed the IJ's holding. Toro-Toro also contends that the BIA's affirmation was an abuse of discretion and violated his due process rights. We find no abuse of discretion and no violation of due process and therefore will deny the petition for review.

## I. FACTS

Pedro Toro-Toro, a 40 year old native of Colombia, entered the United States in July 2000. On August 11, 2000, Toro-Toro was charged with seeking admission into the United States by fraud pursuant to 8 U.S.C. § 1182(a)(6)(C)(i) and seeking admission

_____

[3] The IJ cited § 240(b)(5) of the Immigration and Nationality Act (INA) in his Order. This section has been codified in the United States Code. We cite to the United States Code in this opinion both when citing for our own purposes and when indicating the source of law on which the IJ relied.

2

without valid entry documentation pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I). Toro-Toro had a Master Calendar Hearing on December 7, 2000 and requested additional time to find legal representation. The IJ granted this request and set a new hearing date, March 1, 2001. Toro-Toro received personal notice of this hearing date and an interpreter read Toro-Toro the notice in Spanish, his native language. Mistakenly believing that his hearing was on March 2, 2001, petitioner missed his March 1, 2001 deportation hearing. In his absence the IJ issued an order removing Toro-Toro to Colombia on the charges contained in the notice to appear. On March 2, 2001, upon arrival at the courthouse for his deportation hearing, Toro-Toro learned that an order of removal had been entered *in absentia* the previous day.

Toro-Toro filed a motion to reopen on June 4, 2001 and again on October 31, 2002. The first motion was not officially accepted because it was not in proper format. The motion filed in October stated that petitioner missed his deportation hearing because he mistakenly thought his hearing was on March 2, 2001, rather than March 1, 2001. He also noted that his wife and three children were granted asylum in September 13, 2000.

On November 25, 2002, an IJ denied Toro-Toro's motion to reopen on the grounds that petitioner had notice of the deportation hearing date and his failure to appear was not justified by exceptional circumstances. On November 7, 2003, the BIA affirmed the IJ's holding and added that "[t]he fact that the respondent's wife and children have now been granted asylum does not changed the result of this case or provide any basis for reopening

3

or remanding the proceeding as the Immigration Judge has no jurisdiction over claims to derivative asylee status. *See* 8 C.F.R. § 1208.21 (c)."

## II. STANDARD OF REVIEW AND JURISDICTION

The denial of a motion to reopen is reviewed for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 324 (1992). Under an abuse of discretion standard an agency's order is only disturbed if found to be arbitrary, irrational or contrary to law. *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir. 1994). In addition, courts give significant deference to an agency's interpretation of its own statute. *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984). Claims that Petitioner's due process rights were violated by the deportation proceeding are reviewed de novo. *Sharma v. INS*, 89 F.3d 545, 547 (9th Cir. 1996). This court has jurisdiction to review the denial of petitioner's motion to reopen under 8 U.S.C. § 1252(a)-(b).

## III. DISCUSSION

### 1. Exceptional Circumstances Standard

An IJ must order a removal *in absentia* of an alien if the alien does not attend his deportation hearing and clear and convincing evidence demonstrates that the alien received notice of the hearing and that he is removable. 8 U.S.C. § 1229a(b)(5)(A). An IJ may rescind an order of deportation entered *in abstentia* only if the alien demonstrates he or she was unable to appear at his or her removal hearing due to exceptional

4

circumstances. 8 U.S.C. § 1229a(b)(5)(C)(i). Exceptional circumstances are defined as "circumstances (such as serious illness of the alien or death of an immediate relative of the alien, *but not including less compelling circumstances*) beyond the control of the alien." 8 U.S.C. § 1229a(e)(1) (emphasis added). Toro-Toro claims that his misunderstanding of his hearing date, which caused him to miss his deportation hearing, constitutes an exceptional circumstance.

The BIA correctly found that Toro-Toro's misunderstanding of his hearing date does not constitute exceptional circumstances. The IJ and the BIA are required to consider the record as a whole when determining whether an alien meets the exceptional circumstances standard. *Romero-Morales v. INS*, 25 F.3d 125, 127 (2d Cir. 1994). Toro-Toro bases his exceptional circumstances argument on the fact that he misunderstood his hearing date to be March 2, 2001, rather than March 1, 2001. The record indicates that Toro-Toro was personally served with a notice of the hearing which designated March 1, 2001, as the date of the hearing. A Spanish interpreter was also present to inform Toro-Toro about the date and consequences of missing the trial. Under the circumstances surrounding Toro-Toro's notice, his misunderstanding of his hearing date, is far less compelling than serious illness or death of a relative and therefore the IJ did not abuse his discretion in holding that Toro-Toro failed to meet the exceptional circumstances standard and denying his motion to reopen pursuant to 8 U.S.C. § 1229a(b)(5)(C)(i) of the INA..

2. Due Process Violation

Toro-Toro's due process rights were not violated with the denial of his motion to reopen proceedings. The constitutional sufficiency of an administrative hearing varies according to the nature of the case and the relative importance of the governmental and private interests involved. *Sharma*, 89 F.3d at 548 (*citing Landon v. Plasencia*, 459 U.S. 21, 34 (1982)). The government may set a higher standard for a motion to reopen because it has an interest in maintaining judicial efficiency. *Id*. The BIA's denial of Toro-Toro's motion to reopen did not deprive the petitioner of due process. The IJ properly applied the exceptional circumstances standard to Toro-Toro's case and the BIA properly reviewed the judge's application of it. Toro-Toro's failure to meet this standard does not equate to violation of his due process rights. *See Sharma,* 89 F.3d at 548 (finding the application of the exceptional circumstances standard did not violate petitioners' due process rights when they arrived 45 minutes late for their deportation hearing).

**CONCLUSION**

For the foregoing reasons we will deny the petition for review.