Jimmy Noshir COLABEWALA, Rukshana Jimmy Colabewala, Benaz Jimmy Colabewala, and Eric Jimmy Colabewala, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Nos. 03–72941, 94072278.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 2006.

Decided May 19, 2006.

Arish Sarin, Esq., Los Angeles, CA, for Petitioners.

Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

Margaret K. Taylor, Esq., Mark Walter, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS and PAEZ, Circuit Judges, and WAKE,* District Judge.

## MEMORANDUM **

Jimmy Noshir Colabewala, his wife Rukshana Jimmy Colabewala, and their two children, Benaz and Erik Jimmy Colabewala, are natives and citizens of India. They petition for review of two decisions of the Board of Immigration Appeals ("BIA"): (1) a denial of their motion to reopen and (2) a denial of their motion to reconsider. We have jurisdiction pursuant to 8 U.S.C. § 1252.

■ In their brief, the petitioners only challenge the BIA's denial of their motion to reopen. They therefore waived any challenges to the BIA's denial of their motion to reconsider. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

In their motion to reopen, the petitioners argued that prior counsel had provided ineffective assistance and that since their initial asylum application had been denied, conditions in India had materially changed so that they now had a well-founded fear of persecution. The BIA rejected both arguments. We hold that the BIA did not abuse its discretion in denying the motion to reopen.

"The denial of a motion to reopen is reviewed for abuse of discretion." *Sharma v. INS*, 89 F.3d 545, 547 (9th Cir.1996).

We "will only overturn the BIA's ruling if it acted arbitrarily, irrationally, or contrary to law." *Dobrota v. INS*, 311 F.3d 1206, 1211 (9th Cir.2002) (internal quotation marks omitted).

■ In this case, the BIA concluded that the petitioners' motion to reopen for ineffective assistance of counsel was untimely because the motion was filed more than ninety days after the petitioners discovered their prior counsel's ineffectiveness. The BIA regulations governing motions to reopen final administrative orders provide that such motions must be filed no later than ninety days after the date on which the final administrative decision was rendered. 8 C.F.R. § 1003.2(c)(2). However, the ninety day deadline is not jurisdictional and may be equitably tolled. We have recognized equitable tolling deadlines "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003). Because a fair reading of the petitioners' motion to reopen supports the conclusion that they discovered prior counsel's ineffectiveness ninety-one days before they filed their motion to reopen, the BIA did not abuse its discretion in finding the petitioners' motion untimely.

We also review for an abuse of discretion the BIA's conclusion that the petitioners failed to present material evidence of changed circumstances in India. An alien may at any time file a motion to reopen because of changed circumstances arising in the country of nationality or in the country to which deportation has been ordered; the ninety-day deadline does not

---

* The Honorable Neil V. Wake, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

apply to such cases. 8 C.F.R. § 1003.2(c)(3)(ii). The motion to reopen must establish a prima facie case demonstrating "a reasonable likelihood that the statutory requirements for relief have been satisfied." *Fernandez v. Gonzales*, 439 F.3d 592, 600 n. 6 (9th Cir.2006) (quoting *Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir.2003)).

■ The BIA did not abuse its discretion when it denied the motion to reopen because the petitioners, who are practicing Zoroastrians, failed to present material evidence of changed circumstances in India. The evidence submitted by the petitioners was general in nature and failed to demonstrate that Zoroastrians are persecuted in India. In addition, the evidence did not establish prima facie eligibility for relief. *See Ordonez*, 345 F.3d at 785 (holding that prima facie eligibility is demonstrated by showing that there is a reasonable likelihood that the statutory requirements for relief have been satisfied).

**PETITION FOR REVIEW DENIED.**

---

\* Samuel W. Bodman is substituted for his predecessor, Bill Richardson, as Secretary of the United States Department of Energy, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.