**Adnan Hamid KHAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71691.

Agency No. A76–604–183.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 19, 2006.

Raul Gomez, Law Office of Raul Gomez, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Los Angeles, CA; Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA; Richard M. Evans, Paul Fiorino, DOJ—U.S. De-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

partment of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

### MEMORANDUM**

Adnan Hamid Khan, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's denial of his motion under 8 U.S.C. § 1229a(b)(5)(C)(i) and 1229a(e)(1) to reopen removal proceedings conducted in absentia. We deny the petition for review.

We review for an abuse of discretion the agency's finding that Khan failed to establish that exceptional circumstances beyond his control caused his failure to appear at his removal hearing. *Celis–Castellano v. Ashcroft*, 298 F.3d 888, 890 (9th Cir.2002).

In support of his motion to reopen, Khan submitted a declaration, a copy of a repair receipt, a letter from a mechanic, and a copy of a telephone record. In the declaration, Khan stated that on the way to the hearing, his car brakes failed. He telephoned two people to ask for a ride, but neither answered his telephone. Khan then telephoned a mechanic, who finished repairing the car five hours after the time set for the hearing. The next day, Khan telephoned the immigration court. He stated that he had been too nervous and upset to telephone the court when his car broke down. He also stated that he was eager to present his asylum claim.

The Board did not abuse its discretion in concluding that these circumstances were not exceptional. *See Sharma v. INS*, 89

F.3d 545, 547–48 (9th Cir.1996) (traffic congestion and difficulty parking insufficient to require reopening proceedings).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

