**Sayed Shah ZAMAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76225.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 9, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Louis A. Gordon, Esq., Law Offices of Louis A. Gordon, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David E. Dauenheimer, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Sayed Shah Zaman, a native and citizen of Bangladesh, petitions for review of an order of the Board of Immigration Appeals ("BIA") adopting and affirming an immigration judge's ("IJ") order denying his motion to reopen removal proceedings in which he was ordered removed in absentia.

---

** This disposition is not appropriate for publication and may not be cited to or by the

We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), we deny the petition for review.

The BIA did not abuse its discretion in concluding that Zaman failed to meet his burden of demonstrating circumstances serious enough to be "exceptional" in order to excuse his absence from his scheduled removal hearing. *See* 8 U.S.C. § 1229a(e)(1). We held in *Sharma v. INS*, 89 F.3d 545 (9th Cir.1996), cited by the IJ, that "traffic difficulties do not qualify as exceptional circumstances beyond Petitioners' control." *Id.* at 547. Here, the agency acted within its discretion in applying *Sharma* to conclude that Zaman's car trouble on the day before his hearing did not justify his absence.

Zaman also contends that he was never given an oral warning of the consequences of failure to appear, but the Notice to Appear in the record, which was personally served on him, specifies that he was provided "oral notice ... of the consequences of failure to appear."

Zaman's contention that his due process rights were violated by the agency's adjudication is without merit. *See id.* at 548.

Zaman's challenge to the BIA's streamlining procedure is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 852 (9th Cir.2003).

### PETITION FOR REVIEW DENIED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.