**Mohamed Ibrahim DWAIDARI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–72664.

United States Court of Appeals, Ninth Circuit.

Argued Aug. 4, 2008.

Submitted Sept. 30, 2008.

Filed Oct. 2, 2008.

Jesse Adams Moorman, III, Judith L. Wood, Esquire, Law Offices of Judith L. Wood, Los Angeles, CA, Beth S. Persky, Esquire, Redondo Beach, CA, for Petitioner.

District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Katharine Clark, Esquire, Trial, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security San Francisco, CA, U.S. Department of Justice, Washington, DC, for Respondent.

Before: REINHARDT, MINER,* and BERZON, Circuit Judges.

### MEMORANDUM **

Mohamed Ibrahim Dwaidari, a native and citizen of Syria, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252, as amended by the REAL ID Act of 2005, Pub.L. No. 109–13, Div. B., 119 Stat. 231, 311 (2005). *See Sotelo v. Gonzales,* 430 F.3d 968, 970 (9th Cir.2005). We review the denial of motions to reopen for abuse of discretion. *Id.* The BIA's determination of purely legal questions are reviewed *de novo, id.,* and factual findings are reviewed for substantial evidence, *Sharma v. INS,* 89 F.3d 545, 547 (9th Cir.1996). Claims of due process violations, including claims of ineffective assistance of counsel, are reviewed *de novo. Castillo–Perez v. INS,* 212 F.3d 518, 523–26 (9th Cir.2000).

We deny the petition for review. The BIA did not abuse its discretion in denying the motion as untimely because it was filed on December 18, 2003, more than 90 days after the last BIA decision on July 25, 2002. *See* 8 C.F.R. § 1003.2(c)(2). Dwaidari did not offer any reason to excuse this untimeliness. His ineffective assistance of counsel claim, which applied only to the lateness of the motion to re-

---

* The Honorable Roger J. Miner, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

open that he filed in 1996 before an immigration judge, does not save from untimeliness the 2003 motion that he filed before the BIA—the motion that underlies this petition. Although the BIA reached the merits of the ineffective assistance claim anyway, apparently by mistake, it did not err in holding that there was no actual prejudice. Even if Dwaidari's previous counsel had filed the 1996 motion within 180 days of the *in absentia* order of deportation, that motion, like the 2003 motion, failed to show "exceptional circumstances" or "custody" required to reopen *in absentia* proceedings. *See* 8 C.F.R. § 1003.23(b)(4)(ii), (b)(4)(iii)(A)(2).

The time limit for filing the motion to reopen would not apply to Dwaidari if he could demonstrate "changed circumstances" in Syria that merit reopening his case to allow him to seek asylum. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Dwaidari contends that he falls under this exception because he has become a vocal critic of the Syrian government since living in the United States, but offers no evidence in support of his claim. Moreover, a change in personal circumstances alone does not ordinarily permit reopening under 8 C.F.R. § 1003.2(c)(3)(ii). *See Chang Hua He v. Gonzales,* 501 F.3d 1128, 1132 (9th Cir.2007). The only evidence that Dwaidari submitted of change in Syria was a collection of articles reporting that Syrian officials tortured and mistreated Maher Arar, a Syrian–Canadian individual who was removed from the United States to Syria on terrorism-related suspicion. That evidence alone is insufficient to establish changed circumstances warranting the reopening of Dwaidari's case.

We recognize that but for inadequate counsel at every stage of his proceedings, Dwaidari might well have been entitled to the relief he seeks. The immigration judge initially reopened his proceedings in 1996 and granted Dwaidari's request for adjustment of status. The decision was reversed only because the government belatedly argued that the 1996 motion to reopen *in absentia* proceedings was filed late *and* without the requisite showing of "exceptional circumstances" or "custody." It appears from the record that the reason for the deficient filing was that Dwaidari's counsel at the time failed to provide adequate representation. It didn't get any better. Even in the proceedings before us, present counsel's argument is incoherent. Under these circumstances, the BIA might wish to consider sua sponte reopening the case to avoid the "unconscionable result" of deporting to a country such as Syria an individual otherwise eligible for relief from deportation. *Singh v. I.N.S.,* 295 F.3d 1037, 1040 (9th Cir.2002). Should Dwaidari file a new motion to reopen with the BIA seeking adjustment of status based upon his labor certification, the BIA should consider whether it may entertain his motion under *Matter of M–S–,* 22 I. & N. Dec. 349 (BIA 1998) (en banc).

PETITION FOR REVIEW DENIED.