**Jose Morales GONZALEZ; Isabel Morales, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–76213.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 21, 2008.

Filed June 1, 2009.

ed by 9th Cir. R. 36–3.

Richard Clay Mendez, Esquire, Law Offices of Mendez & Lopez, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Cindy S. Ferrier, Senior Litigation Counsel, Paul Fiorino, Trial, OIL, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON and N.R. SMITH, Circuit Judges, and COLLINS *, District Judge.

## MEMORANDUM **

Petitioners Jose Morales Gonzalez and Isabel Morales ("Petitioners") seek review of the Board of Immigration Appeals ("BIA") decision dismissing their motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we reverse.

We review denials of motions to reopen or reconsider under an abuse of discretion standard. *Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (citing *Sharma v. INS,* 89 F.3d 545, 547 (9th Cir.1996)). Reversal is only appropriate where the BIA's denial of the motion to reopen is "arbitrary, irrational, or contrary to law." *Id.* (citing *Ahwazi v. INS,* 751 F.2d 1120, 1122 (9th Cir.1985)).

The BIA provided only one sentence of explanation in support of its denial of the motion to reopen: "[W]e do not find that the evidence submitted in support of the motion to reopen establishes prima facie eligibility for any relief from removal."

The BIA abused its discretion because it failed to provide "specific and cogent reasons for its decision." *Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir.2005). The BIA failed to provide a reasoned explanation because it merely restated the standard of "prima facie eligibility" rather than explaining why Petitioners failed to meet that standard. *See also Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1227 (9th Cir.2002) (reversing the denial of a motion to reopen where the BIA "merely repeated petitioners' claims and summarily dismissed them").

In the last footnote of its brief and then at oral argument, the government contended that Petitioners are statutorily ineligible for relief because they did not leave the United States during their period of voluntary departure. Even assuming that the government did not waive this argu-

---

* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ment by failing to properly raise it,[1] the BIA did not mention the voluntary departure period as a ground for dismissing the Petitioners' motion to reopen in its per curiam order. "[T]his court cannot affirm the BIA on a ground upon which it did not rely." *Doissaint v. Mukasey*, 538 F.3d 1167, 1170 (9th Cir.2008) (quoting *Navas v. INS*, 217 F.3d 646, 658 n. 16 (9th Cir.2000) (alteration in original)); *see also Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (stating that "[i]n reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.").[2]

Accordingly the petition for review is GRANTED and we REMAND to the BIA for further proceedings.

Petition GRANTED.

---

1. *See, e.g., Hilao v. Estate of Marcos*, 103 F.3d 767, 777 n. 4 (9th Cir.1996) (noting that "[t]he summary mention of an issue in a footnote, without reasoning in support of the appellant's argument, is insufficient to raise the issue on appeal").

2. At oral argument the panel was made aware that Petitioners' eldest daughter is now a United States-citizen. This material change in circumstance may have created an avenue for relief that would allow Petitioners to remain in the United States with their three minor United States-citizen children.

