Alejandro **MENDEZ AVINA,**
Petitioner,

v.

Eric H. **HOLDER** Jr., Attorney
General, Respondent.

No. 06–74920.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2009.\*

Filed Sept. 28, 2009.

Claudia J. Lopez, Esq., Law Offices of Mendez & Lopez, Los Angeles, CA, for Petitioner.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Michael P. Lindemann, Esq., Christopher C. Fuller, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, CAS–District, I & AMP, NS, San Diego, CA, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM \*\*

Alejandro Mendez Avina, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") order of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and review de novo questions of law and claims of due process violations. *Sharma v. INS,* 89 F.3d 545, 547 (9th Cir.1996). We deny the petition for review.

Contrary to Mendez Avina's contention, the IJ properly admitted the Form I–213. *See Espinoza v. INS,* 45 F.3d 308, 310–11 (9th Cir.1995) (a Form I–213 is admissible and there is no right to cross-examine its preparer where the alien fails to produce probative evidence casting doubt on its reliability). Mendez Avina's contention that the admission of the Form I–213 violated due process therefore fails. *See id.; see also Lata v. INS,* 204 F.3d 1241, 1246

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(9th Cir.2000) (requiring error for a due process violation).

The Form I–213 indicated that Mendez Avina drove his vehicle into primary inspection and knowingly attempted to present false birth certificates on behalf of two passengers. Substantial evidence therefore supports the IJ's removability determination. *See Urzua Covarrubias v. Gonzales,* 487 F.3d 742, 748–49 (9th Cir.2007) (substantial evidence supported determination that alien aided and abetted another alien's illegal entry into the United States).

The IJ correctly determined that Mendez Avina was statutorily ineligible for adjustment of status, *see* 8 U.S.C. § 1182(d)(11) (waiver of inadmissibility under 8 U.S.C. § 1182(a)(6)(E)(i) available only if smuggled alien "was the alien's spouse, parent, son, or daughter"), and voluntary departure, *see* 8 U.S.C. §§ 1229c(b)(1)(B), 1101(f)(3). Mendez Avina therefore failed to show that additional testimony may have affected the outcome of the proceedings. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (requiring prejudice for a due process violation).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.