
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| ASOKA ABEYSEKERA WIJENAYAKE; MARIE AYONA KAMALIN WIJENAYAKE; et al., | No. 07-70930 |
| | Agency Nos. A075-746-030 |
| Petitioners, | A075-746-031 |
| | A075-746-032 |
| | A095-000-367 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2009 [**]

Before:     ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Asoka Abeysekera Wijenayake, his wife, Marie Ayona Kamalin

Wijenayake, and their children, natives and citizens of Sri Lanka, petition for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo claims of due process violations in removal proceedings, *Sharma v. INS*, 89 F.3d 545, 547 (9th Cir. 1996). We grant in part and deny in part the petition for review.

Substantial evidence does not support the agency's adverse credibility determination. *See Lopez-Reyes v. INS*, 79 F.3d 908, 911 (9th Cir. 1996) ("It is well-settled that an applicant's testimony is not per se lacking in credibility simply because it includes details that are not set forth in the asylum application."); *Li v. Holder*, 559 F.3d 1096, 1103-07 (9th Cir. 2009) (minor inconsistency insufficient to support adverse credibility determination). We therefore remand with instruction to the agency to deem Wijenayake's testimony credible. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1095 (9th Cir. 2009).

Substantial evidence also does not support the agency's finding that Wijenayake did not establish a nexus between the harm he suffered and a statutorily protected ground. *See Cruz-Navarro v. INS*, 232 F.3d 1024, 1028-30

(9th Cir. 2000).  We therefore remand to the agency to consider whether Wijenayake has otherwise shown eligibility for relief.

Finally, in light of our disposition, we do not reach Wijenayake's due process contentions.

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**