**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVIT MKRTCHYAN, | No. 06-73986 |
| Petitioner, | Agency No. A097-105-585 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 [**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Davit Mkrtchyan, a native of the former Soviet Union and citizen of

Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order

denying his motion to remand and dismissing his appeal from an immigration

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's adverse credibility determination, *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009), and for abuse of discretion the BIA's denial of the motion to remand, *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We review de novo claims of due process violations in removal proceedings. *Sharma v. INS*, 89 F.3d 545, 547 (9th Cir. 1996). We grant the petition for review, and we remand.

The IJ's adverse credibility determination relied in part on a government forensic report regarding the authenticity of Mkrtchyan's political party identification. The government did not disclose the forensic report to Mkrtchyan in advance of the hearing or make the forensic report's author available for cross-examination at the hearing. Under these circumstances, the IJ's consideration of the forensic report denied Mkrtchyan a fair hearing. *See Cinapian v. Holder*, 567 F.3d 1067, 1075 (9th Cir. 2009) (government's failure to disclose forensic reports in advance of hearing or to make reports' authors available for cross-examination and IJ's subsequent consideration of the reports denied petitioners a fair hearing).

The BIA also abused its discretion in denying the motion to remand because the motion contains an alleged newly available document from Mkrtchyan's

political party in Armenia purportedly showing the party issued Mkrtchyan an identification card bearing the same number as the disputed identification card in the record. The motion therefore offers rebuttal evidence of the forensic report upon which the IJ relied in part to determine that Mkrtchyan was not credible. In light of our disposition, we do not address the merits of the IJ's remaining reasons for finding Mkrtchyan not credible.

We remand Mkrtchyan's asylum, withholding of removal and CAT claims for further proceedings. *See Soto-Olarte*, 555 F.3d at 1095-96.

**PETITION FOR REVIEW GRANTED; REMANDED.**