**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RAFAEL GONZALEZ-GOMEZ; ANA PAOLA GONZALEZ, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-75044 <br><br> Agency Nos. A096-342-884 <br> A096-342-885 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2011[**]
Pasadena, California

Before: SCHROEDER and GOULD, Circuit Judges, and SEEBORG, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

Rafael Gonzalez-Gomez and Ana Paola Gonzalez, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals's dismissal of their appeal of the denial of their motion to reopen the proceedings in which they were removed in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review a BIA's denial of a motion to reopen for abuse of discretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008). Questions of law are reviewed de novo, and findings of fact for substantial evidence. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009).

It is undisputed that the petitioners received notice of the hearing and did not appear at the scheduled time. The motion to reopen contains only an unsworn letter to the Immigration Judge stating that they arrived at the designated place but were late because they were given erroneous directions. The motion was supported by no affidavits or other evidentiary material as required by 8 C.F.R. § 1003.23(b)(3).

Even accepting their assertions as true, however, the petitioners' assertions in the declaration were not sufficient to show exceptional circumstances justifying rescission of the removal order as required by 8 U.S.C. § 1229a(e)(1). Avoidable difficulties in reaching the site of the hearing do not suffice. *See Sharma v. INS*, 89 F.3d 545 (9th Cir. 1996).

Petitioners' claim of denial of due process is without merit because they have failed to establish either that they actually appeared or that extraordinary circumstances excused their failure.

The petition for review is **DENIED**.