**NOT FOR PUBLICATION**

**FILED**

JAN 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LILIK AJU LINDAWATI; FOFU
TJOENG,

                Petitioners,

  v.

MONTY WILKINSON, Acting Attorney
General,

                Respondent.

No.   18-71689

Agency Nos.      A075-758-507
                      A075-758-508

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 9, 2020
Pasadena, California

Before:   BEA, THAPAR,** and COLLINS, Circuit Judges.

Partial Concurrence and Partial Dissent by Judge COLLINS

      Petitioners Lilik Lindawati and Fofu Tjoeng seek review of the denial by the

Board of Immigration Appeals (BIA) of their motion to reopen due to their failure

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The Honorable Amul R. Thapar, United States Circuit Judge for the U.S.
Court of Appeals for the Sixth Circuit, sitting by designation.

to establish changed country conditions and prima facie eligibility for relief. We have jurisdiction under 8 U.S.C. § 1252 to review denials of motions to reopen. We review denials of motions to reopen for abuse of discretion, "although [de novo] review applies to the BIA's determination of purely legal questions." *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002) (citation omitted). Factual findings are reviewed for substantial evidence. *Sharma v. INS*, 89 F.3d 545, 547 (9th Cir. 1996). We deny the petition.

Because Petitioners' motion is based on changed country conditions, there is no time limit within which they must have filed it. 8 C.F.R. § 1003.2(c)(3)(ii). In addition to establishing changed country conditions, Petitioners must also establish prima facie eligibility for relief. *INS v. Abudu*, 485 U.S. 94, 104 (1988).

Here, Petitioners' original asylum application, adjudicated in 2003, was based on their claim of mistreatment by Muslims. The evidence included acts of violence against Chinese Christians, including a 1998 murder, anti-Christian massacre, and church burning, and a 2000 bombing. Petitioners' evidence in support of this motion describes the rise of ISIS in Indonesia since 2003 and the threat to Christians there, in particular the existence of an Indonesian ISIS chapter, the increased visibility of ISIS supporters, the increase in terrorism due to ISIS

involvement, how local Islamic terrorism has been "eclipsed" by ISIS, and a series of January 2016 attacks in Indonesia by ISIS-affiliated terrorists.

The BIA held that while Petitioners' evidence documented "the plight of the vast, minority Christian population in Indonesia, the evidence proffered does not meaningfully reflect materially changed country conditions in Indonesia." A continuation of the same type of violence may constitute changed conditions where that violence has intensified or increased. *Salim v. Lynch*, 831 F.3d 1133 (9th Cir. 2016). However, the numerous violent incidents described by Petitioners in their original asylum application provided the BIA with substantial evidence to conclude that conditions had not changed between 2003 and 2017. Thus, substantial evidence supports the BIA's determination that Petitioners failed to establish changed country conditions.

Petitioners also did not submit sufficient evidence of a risk of individualized harm. In *Salim v. Lynch*, 831 F.3d 1133 (9th Cir. 2016), Salim offered evidence supporting his claim of individualized risk of future persecution, namely "a letter from his sister in Jakarta describing the recent targeting of their local church." *Id.* at 1136. The 2017 letters from Lindawati's sister and Tjoeng's brothers do not cite any incidents of harm to them or anyone they personally knew. Nor did Petitioners present any other evidence that would have required the BIA to

conclude that an adequate showing of individualized risk had been made. Petitioners have therefore failed to establish prima facie eligibility for relief.

Accordingly, the BIA acted within its discretion when it denied the motion to reopen.   Thus, the petition for review is **DENIED**.

*Lindawati v. Wilkinson*, No. 18-71689

COLLINS, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that the BIA properly concluded that Petitioners did not submit sufficient evidence of a risk of individualized harm to meet their burden to establish prima facie eligibility for relief, and I agree that, on that basis, the BIA properly denied Petitioners' motion to reopen.

But I disagree with the majority's alternative holding that Petitioners also failed to present sufficient evidence of changed country conditions for Chinese Christians in Indonesia between 2003 and 2018. The evidence presented to the agency on that score by Petitioners is substantially comparable to that discussed in *Salim v. Lynch*, 831 F.3d 1133, 1138 (9th Cir. 2016), where we held that the BIA abused its discretion in concluding that country conditions for Christians in Indonesia had *not* materially changed after 2006, *id.* at 1141. Although the BIA correctly distinguished *Salim* with respect to the individualized-risk point, the BIA did not explain how, in addressing the issue of changed country conditions, it was able to reconcile its conclusions on *that* score with our analysis in *Salim*. Accordingly, I would not rely on that alternative ground in upholding the BIA's denial of Petitioners' motion to reopen.