NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DARWIN THEODORE,

Petitioner,

v.

MONTY WILKINSON, Acting Attorney General,

Respondent.

No.    18-72412

Agency No. A099-905-732

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 9, 2020
Pasadena, California

Before:   BEA, THAPAR,[**] and COLLINS, Circuit Judges.

Petitioner Darwin Theodore seeks review of the denial by the Board of

Immigration Appeals (BIA) of his motion to reopen due to his failure to establish

changed country conditions and prima facie eligibility for relief.   We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Amul R. Thapar, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

jurisdiction under 8 U.S.C. § 1252 to review denials of motions to reopen. We review denials of motions to reopen for abuse of discretion, "although [de novo] review applies to the BIA's determination of purely legal questions." *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002) (citation omitted). Factual findings are reviewed for substantial evidence. *Sharma v. INS*, 89 F.3d 545, 547 (9th Cir. 1996). We deny the petition.

Because Theodore's motion is based on changed country conditions, there is no time limit within which he must have filed it. 8 C.F.R. § 1003.2(c)(3)(ii). In addition to establishing changed country conditions, Theodore must also establish prima facie eligibility for relief. *INS v. Abudu*, 485 U.S. 94, 104 (1988).

Here, the BIA observed that the evidence submitted by Theodore of violence in Indonesia "largely reflects ongoing sporadic terrorism that existed before" his 2011 hearing. The BIA also characterized Theodore's parents' 2017 letter describing worsening conditions as conclusory in nature and not reflective of a material change in circumstances in Indonesia for Chinese Christians. The letter stated that the "situation presently in Indonesia is not better than before. Especially with [the 2016 protests against the ethnic Chinese Christian governor], where he was accused of defying the religion of Islam, that resulted the [sic] Christians are targeted by Front Defender of Islam (FPI), especially the Chinese

2

Christians." Notably, the letter did not cite any other incidents, and did not reflect that anyone they personally knew had been harmed by anti-Chinese or anti-Christian sentiment. Thus, substantial evidence supports the BIA's determination that Theodore failed to establish changed country conditions.

Theodore also did not submit sufficient evidence of a risk of individualized harm. In *Salim v. Lynch*, 831 F.3d 1133 (9th Cir. 2016), Salim offered evidence supporting his claim of individualized risk of future persecution, namely "a letter from his sister in Jakarta describing the recent targeting of their local church." *Id.* at 1136. The 2017 letter from Theodore's parents did not state that anyone they personally knew had been targeted, but merely that they were "very worried that the 1998 incident [(referring to a period of violence against Christians and Chinese)] might happen again." Theodore has therefore failed to establish prima facie eligibility for relief.

Accordingly, the BIA acted within its discretion when it denied the motion to reopen. Thus, the petition for review is **DENIED**.