**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| FRANCISCO ALEXANDER PALACIOS-PARADA, | No. 21-725 |
| | Agency No. |
| Petitioner, | A215-825-003 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2025**
Pasadena, California

Before: RAWLINSON and M. SMITH, Circuit Judges, and RAKOFF, District Judge.***

Petitioner Francisco Alexander Palacios-Parada, a native and citizen of El

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Salvador, petitions for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal of an Immigration Judge's (IJ) decision denying his motion to reopen removal proceedings conducted in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review. Because the parties are familiar with the facts of this case, we do not recount them here except as necessary to provide context to our ruling.

Through his motion to reopen, Petitioner seeks the rescission of an order of removal that the IJ entered in absentia after Petitioner failed to appear for a mandatory removal hearing. Petitioner claims that his failure to appear is excused by exceptional circumstances. *See Campos-Chaves v. Garland*, 602 U.S. 447, 452 (2024) (citing 8 U.S.C § 1229a(b)(5)(C)(i)). Exceptional circumstances are circumstances "beyond the control of the [noncitizen]," "such as battery or extreme cruelty to the [noncitizen] or any child or parent of the [noncitizen], serious illness of the [noncitizen], or serious illness or death of the spouse, child, or parent of the [noncitizen]," 8 U.S.C. § 1229a(e)(1), and other "similarly severe impediment[s]," *Singh-Bhathal v. INS*, 170 F.3d 943, 946–47 (9th Cir. 1999).

The BIA did not abuse its discretion in denying Petitioner's motion to reopen because Petitioner did not demonstrate exceptional circumstances for purposes of § 1229a(b)(5)(C)(i). Petitioner claims that exceptional circumstances were presented because an immigration officer misinformed his aunt that his

hearing would be rescheduled, and his aunt, in turn, passed along that misinformation to Petitioner. Petitioner claims that he failed to attend the hearing in reliance on his aunt's misinformation. But Petitioner presents no reason why he would place particular trust in that information or fail to evaluate its accuracy before relying entirely upon it. Further, "[a]lthough [Petitioner] may have received poor advice, this does not alter the fact that he failed to appear at his hearing, not because of illness, a death in the family, or some similarly severe impediment[.]" *Singh-Bhathal*, 170 F.3d at 947. Instead, Petitioner's failure to appear was the result of his own voluntary conduct rather than circumstances beyond his control. *See* 8 U.S.C. § 1229a(e)(1).

Petitioner's claim that he failed to appear in reliance on his aunt's misinformation is particularly unpersuasive when coupled with the fact that he was repeatedly provided with notice that the hearing was proceeding as scheduled. At an initial removal hearing, the IJ provided Petitioner with a written notice that specified the time, date, and location of the mandatory hearing, along with the requirement that Petitioner attend the hearing. Further, when Petitioner was released from Department of Homeland Security (DHS) custody, DHS provided Petitioner with an additional written notice containing a reminder that "[he] ha[d] been told when to appear for a further hearing." Because these written notices clearly advised Petitioner about the mandatory hearing, Petitioner cannot rely on

his aunt's alleged misinformation to excuse his own voluntary failure to appear.

*See Sharma v. INS*, 89 F.3d 545, 546, 548 (9th Cir. 1996).[1]

**PETITION DENIED.**

---

[1] The stay of removal will remain in place until the mandate issues. The motion for stay of removal is otherwise denied.